FILED

NOV 14 2011

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

FILED

**Nov 14, 2011**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: )<br>)<br>)<br>TIMOTHY R. TAYLOR, )<br>)<br>Debtor. )<br>_____)<br>)<br>TIMOTHY R. TAYLOR, )<br>)<br>Appellant, )<br>)<br>v. )<br>)<br>)<br>U.S. DEPARTMENT OF HEALTH AND )<br>HUMAN SERVICES; OFFICE OF THE )<br>INSPECTOR GENERAL; U.S. )<br>DEPARTMENT OF EDUCATION; )<br>U.S. DEPARTMENT OF JUSTICE, )<br>)<br>Appellees. )<br>_____) | BAP No.   EC-11-1512<br><br>Bk. No.   98-38409<br><br>Adv. No.   11-2356<br><br>CAED Case # 2:11-mc-0088 JAM GGH<br><br><br><br>**ORDER (1) DENYING STAY MOTION<br>AND (2) TRANSFERRING IFP<br>MOTION TO DISTRICT COURT**<br>**(Response Required)** |

Before: DUNN and PAPPAS, Bankruptcy Judges.

This appeal has been judicially reviewed.

**1.   Motion for Stay Pending Appeal.**

Appellant filed a motion for stay pending appeal with the

BAP on November 7, 2011.

Fed. R. Bankr. P. 8005 requires that a request for stay

pending appeal must ordinarily be presented to the bankruptcy

judge in the first instance.

Considerations of orderly procedure require that appellant move for a stay pending appeal in the bankruptcy court before seeking a stay from the BAP.  The bankruptcy court has continuing jurisdiction to determine motions for stay pending appeal. See Ho v. Dai Hwa Elecs. (In re Ho), 265 B.R. 603 (9th Cir. BAP 2001).

Accordingly, the motion for stay pending appeal is hereby ORDERED DENIED without prejudice to re-filing if it is demonstrated that a motion for stay pending appeal was presented to the bankruptcy judge and was either denied or not acted upon in a timely manner.

**2.  Motion for Fee Waiver.**

This appeal is properly before the Bankruptcy Appellate Panel under 28 U.S.C. § 158.  As no party filed a timely election to have the appeals heard by the United States District Court under 28 U.S.C. § 158(c), jurisdiction lies with the Panel.

On September 21, 2011, appellant filed in the bankruptcy court a motion for leave to proceed in forma pauperis with respect to this appeal ("IFP Motion").  The IFP Motion was forwarded to the Panel and received on October 4, 2011.

Under the holding of Perroton v. Gray (In re Perroton), 958 F.2d 889 (9th Cir. 1992) and Determan v. Sandoval (In re

2

<u>Sandoval)</u>, 186 B.R. 490, 496 (9th Cir. BAP 1995), the Panel has no authority to grant <u>in forma pauperis</u> motions under 28 U.S.C. § 1915(a) because bankruptcy courts are not "court[s] of the United States" as defined in 28 U.S.C. § 451.

However, the district court[1] has authority to allow a person to file an appeal without prepayment of the filing fee.  <u>See</u> 28 U.S.C. § 1915(a).

Therefore, Appellant's IFP Motion is hereby TRANSFERRED to the United States District Court for the Eastern District of California for the limited purpose of ruling on the IFP Motion.

It is Appellant's responsibility to take all necessary steps to have the IFP Motion considered by the district court within a reasonable period of time.

No later than **Thursday, December 8, 2011,** appellant must file with the Panel and serve on opposing counsel a written response which includes as an exhibit a copy of the district court's order on the IFP Motion or an explanation of the steps appellant has taken to have the IFP Motion considered by the district court.

---

[1] The district courts have original jurisdiction over bankruptcy cases and proceedings, 28 U.S.C. § 1334, and may exercise that jurisdiction notwithstanding that a district court may choose to refer bankruptcy matters to the bankruptcy judges for the district.  28 U.S.C. § 157(d).

For the convenience of the district court, copies of the notice of appeal, the judgment on appeal, and the IFP Motion are attached to this order.

# BANKRUPTCY APPEAL TRANSMITTAL FORM

BR

TO:   Bankruptcy Appellate Panel of the Ninth Circuit
      125 S. Grand Avenue
      Pasadena, CA 91105

FROM:   U.S. Bankruptcy Court
        Eastern District of California
        District Office No. 0972

DATE:   09/22/11

```
FILED

09/22/11

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
```

CAED Case # 2:11-mc-0088 JAM GGH

BAP# EC-11- 1512

Debtor(s) Name:  Timothy Robert Taylor

Bankruptcy Case No. 98-38409-C-7

Adversary Proceeding No. 11-2356-C

Docket Control No. _____

Bankruptcy Judge (who signed the order): Christopher M. Klein

Date Notice of Appeal Filed:     9/21/11

Date of Entry of Order Appealed From: 9/19/11

Date Bankruptcy Case Filed: 11/30/98

Date Notice of Appeal and
Notice of Referral of Appeal Mailed to Parties: 9/22/11

Filing Fee Paid? (Check One)   [ ]   Yes   [✓] No   Mtn to waive filed 9/21/11

```
RECEIVED
Susan M. Spraul, Clerk

OF THE NINTH CIRCUIT

SEP 2 3 2011

FILED

DOCKETED
```

_Balun Reynolds_

Deputy Clerk   BARBARA REYNOLDS
U.S. Bankruptcy Court

501 I Street, Suite 3-200
Sacramento, CA 95814-2322
(916) 930-4400

EDC 2-850 (Rev. 8/10/10)





Timothy Taylor
531-A North Hollywood Way #114
Burbank, CA 91505
(818) 913-4698

In Pro Per

**FILED**

SEP 2 1 2011

2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

BAP # EC-11-1512

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

RECEIVED
Susan M. Spraul, Clerk
U.S. BNCY. APP. PANEL
OF THE NINTH CIRCUIT

| | |
|---|---|
| In re | Case No. 98-38409-R-7 |
| **TIMOTHY R. TAYLOR** | Chapter 7 |
| Debtor. | Adv. Case No. 11-02356-R |
| Timothy R. Taylor | |
| Plaintiff | **NOTICE OF APPEAL** |
| v. | **Hearing Date:** |
| U.S. Department of Health and Human Services, et al., | Date: September 13, 2011 |
| | Time: 9:30 a.m. |
| Defendants | Ctrm: 501 I Street, Sacramento, CA |

SEP 2 3 2011

FILED _____
DOCKETED _____
DATE          INITIAL

50

**PLAINTIFF'S NOTICE OF APPEAL**

1    TO THIS HONORABLE COURT, U.S. DEPARTMENT OF HEALTH AND HUMAN
2  SERVICES, OFFICE OF THE INSPECTOR GENERAL, U.S. DEPARTMENT OF
3  EDUCATION, U.S. DEPARTMENT OF JUSTICE, AGENTS, ASSIGNS, EMPLOYEES,
4  OFFICERS, ATTORNEY AND REPRESENTATIVES AND    THOSE IN ACTIVE
5  CONCERN OR PARTICIPATION WITH YOUR OR THEM ("Defendants" or "Responding
6  Parties"):

7    Timothy R. Taylor ("Taylor"), the plaintiff, appeals under 28 U.S.C. § 158(a) from the
8  judgment, order, or decree of the Chief Judge Christopher Klein of the Bankruptcy Court
9  granting Defendant U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, OFFICE
10  OF THE INSPECTOR GENERAL, U.S. DEPARTMENT OF EDUCATION, U.S.
11  DEPARTMENT OF JUSTICE, AGENTS, ASSIGNS, EMPLOYEES, OFFICERS,
12  ATTORNEY AND REPRESENTATIVES AND    THOSE IN ACTIVE CONCERN OR
13  PARTICIPATION WITH YOUR OR THEM ("Defendants" or "Responding Parties")
14  Continued Motion to Dismiss Case/Proceeding And/Or Motion Judgment on the Pleadings filed
15  June 14, 2011, (Docket No. 8) and dismissing the matter.  Taylor will submit a copy of the
16  entered Order as soon as it becomes available by the Court.

17    The Entry of Order was filed on September 19, 2011 (docket no. 44,) but the images of
18  the Order on the Motions (docket no. 42) and Memorandum of Opinion/Decision (document no.
19  43) are not available on PACER and I have not received a copy as of this filing.

20    The names of all parties to the judgment, order, or decree appealed from and the names,
21  addresses, and telephone numbers of their respective attorneys are as follows:

22  Timothy Taylor
    531-A North Hollywood Way #114
23  Burbank, CA 91505
24  (818) 913-4698
    In Pro Per

25
    **Department of Health and Human Services,**
26  **Department of Education, Office of the Inspector General**
    **and Department of Justice**
27  Jeffrey J. Lodge
    2500 Tulare St #4401
28

2

**PLAINTIFF'S NOTICE OF APPEAL**



1   Fresno, CA 93721
    (559) 497-4019
2
3   U.S. Department of Justice
    950 Pennsylvania Avenue, NW
4   Washington, DC 20530-0001
5
6   Dated: September 19, 2011              /s/ Timothy R. Taylor
                                           TIMOTHY R. TAYLOR, Plaintiff and Appellant
7
8
9   If a Bankruptcy Appellate Panel Service is authorized to hear this appeal, each party has a
    right to have the appeal heard by the district court. The appellant may exercise this right only by
10  filing a separate statement of election at the time of the filing of this notice of appeal. Any other
    party may elect, within the time provided in 28 U.S.C. § 158(c), to have the appeal heard by the
11  district court.
12  *If a child support creditor or its representative is the appellant, and if the child support creditor
    or its representative files the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no
13  fee is required.*
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                                           3

                        PLAINTIFF'S NOTICE OF APPEAL

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and a party to this bankruptcy case or adversary proceeding. My business address is: 531-A North Hollywood Way #114, Burbank, CA 91505

A true and correct copy of the foregoing document described as **Notice of Appeal** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **9/19/11**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued

on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On _____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued

on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **Fill In Date Document is Filed,** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued

on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 9/19/11 | Timothy R. Taylor | /s/ Timothy R. Taylor |
|---------|-------------------|-----------------------|
| Date | Type Name | Signature |

## SERVICE LIST (BY MAIL)

**Department of Health and Human Services,**
**Department of Education, Office of the Inspector General**
**and Department of Justice**
c/o Jeffrey J. Lodge, Esq.
2500 Tulare St #4401
Fresno, CA 93721
(559) 497-4019

U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

FORM L19 Notice of Entry of Order/Judgment in an Adversary Proceeding   (v.1.07)                                    11–02356 – C

|  | **UNITED STATES BANKRUPTCY COURT**<br>**Eastern District of California**<br><br>Robert T Matsui United States Courthouse<br>501 I Street, Suite 3–200<br>Sacramento, CA 95814<br><br>(916) 930–4400<br>www.caeb.uscourts.gov<br>M–F 9:00 AM – 4:00 PM | **FILED**<br><br>**9/19/11**<br><br>CLERK, U.S. BANKRUPTCY COURT<br>EASTERN DISTRICT OF CALIFORNIA<br><br>pdes |
|---|---|---|

## NOTICE OF ENTRY OF ORDER/JUDGMENT IN AN ADVERSARY PROCEEDING

| | |
|---|---|
| In re<br><br>Timothy Robert Taylor<br><br>Debtor(s). | Bankruptcy Case No.<br><br>**98–38409 – C – 7** |
| Timothy R. Taylor<br><br>Plaintiff(s),<br><br>v.<br>U.S. Department of Health and Human Services<br>et al.<br><br>Defendant(s). | Adversary Proceeding No.<br><br>**11–02356 – C** |

**NOTICE IS HEREBY GIVEN THAT:**

An order/judgment was entered on the docket in this adversary proceeding on September 19, 2011. The document
number and docket text for this order/judgment are set forth below.

[42] – Order Granting [8] Motion/Application to Dismiss Case/Proceeding [USA–1] (pdes)

Dated:                              For the Court,
9/19/11                             Wayne Blackwelder , Clerk



**FILED**

09/22/11

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**

In re                                    )        Bankruptcy Case No. 98/38409-C-7
                                         )
    Timothy Robert Taylor                )        Adversary Proceeding No. 11-2356-C
                                         )
                                         )        Docket Control No.
                                         )
                              Debtor(s)  )

**CERTIFICATE OF MAILING**

    The undersigned clerk in the Office of the United States Bankruptcy Court for this
district hereby certifies that copies of the **Notice of Appeal and Notice of Referral of
Appeal to the Bankruptcy Appellate Panel of the Ninth Circuit** were mailed today to the
following parties at their respective addresses as shown in the Court's records:

Timothy R. Taylor            Jeffrey J. Lodge            US Dept of Justice
531-A N Hollywood Way        2500 Tulare St #4401        950 Pennsylvania Ave NW
#114                         Fresno CA 93721             Washington, DC
Burbank CA 91505                                         20530-0001


US Trustee
501 I St #7-500
Sacramento, CA 95814


Dated: 09/22/11                          BY: _____
                                                      Deputy Clerk
                                             BARBARA REYNOLDS

EDC 3-071 (Rev. 8/10/10)







FILED

SEP 16 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

1
2
3
4   In re:                              )   Case No. 98-38409-C-7
                                        )
5   TIMOTHY ROBERT TAYLOR,              )   Adversary No. 11-2356
                                        )
6                                       )   DC No. USA-1
                   Debtor(s).           )
7   _____)
                                        )
8   TIMOTHY ROBERT TAYLOR,              )
                                        )
9                                       )
                   Plaintiff(s),        )
10                                      )
    v.                                  )
11                                      )
    U.S. DEPARTMENT OF HEALTH AND       )
12  HUMAN SERVICES, OFFICE OF THE       )
    INSPECTOR GENERAL, U.S.             )
13  DEPARTMENT OF EDUCATION, U.S.       )
    DEPARTMENT OF JUSTICE,              )
14                                      )
                                        )
15                 Defendant(s).        )
                                        )
16  _____)

17      **ORDER ON MOTION TO DISMISS AND MOTION FOR CIVIL CONTEMPT**

18          A memorandum decision having been issued,

19          IT IS ORDERED that the motion to dismiss by the United

20  States is GRANTED.

21          IT IS FURTHER ORDERED that the motion for an order to show

22  case re civil contempt, and all other requested relief, by the

23  plaintiff is DENIED.

24          IT IS FURTHER ORDERED that the adversary proceeding is

25  DISMISSED.

26              Dated:   September 15, 2011.

27

28                      _____
                         UNITED STATES BANKRUPTCY JUDGE

1

## CERTIFICATE OF SERVICE

2      On the date indicated below, I served a true and correct
copy(ies) of the attached document by placing said copy(ies) in a
3  postage paid envelope addressed to the person(s) hereinafter
listed and by depositing said envelope in the United States mail
4  or by placing said copy(ies) into an interoffice delivery
receptacle located in the Clerk's Office.

5

6  Timothy R. Taylor
531-A N Hollywood Way #114
7  Burbank CA 91505

8  Jeffrey J. Lodge
2500 Tulare St #4401
9  Fresno CA 93721

10

11  Dated: 9/19/11

12  _____
              DEPUTY CLERK

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -



## Notice of Appeal from Sacramento

Barbara Reynolds   to: BAPCA09Filings                    09/22/2011 12:32 PM

History:        This message has been replied to.

          

BK appeal transmittal form adv 11-2356.pdf cert of mailing re appeal 11-2356.pdf



ntc of referral of appeal 11-2356.pdf

Please confirm receipt and processing via return e-mail.
Thank you.

Barbara Reynolds
Team Leader/Deputy Clerk
US Bankruptcy Court, Eastern District, Sacramento Division

# U.S. Bankruptcy Appellate Panel
# of the Ninth Circuit

125 South Grand Avenue, Pasadena, California 91105
Appeals from Central California (626) 229-7220
Appeals from all other Districts (626) 229-7225

**RE:** TIMOTHY R. TAYLOR

**Appellant:** TIMOTHY R. TAYLOR

**BAP No.:** EC-11-1512

**Bk. No.:** 98-38409 **Adv. No.(s):** 11-2356

## OPENING LETTER

Notice of Appeal in this case has been received by the Bankruptcy Appellate Panel (BAP) and assigned the case number above.

For all BAP cases filed on or after March 31, 2010, electronic filing using the BAP's Case Management/Electronic Case Filing (CM/ECF) docketing system is **mandatory** for all attorneys. Please review the Administrative Order Regarding Electronic Filing in BAP Cases available on the BAP website www.bap9.uscourts.gov for further information.

For non-attorneys, all papers filed with the BAP should be in the form of an original and three copies.

The BAP docket and other court information is available through the National PACER system. http://www.bap9.uscourts.gov

Enclosed are the 9th Cir. BAP Rules governing practice before the BAP. Appeals are also governed by Parts VIII and IX of the Federal Rules of Bankruptcy Procedure (F.R.B.P.), and some parts of the Federal Rules of Appellate Procedure (F.R.A.P.) See 9th Cir. BAP Rule 8018(b)-1.

Pursuant to 9th Cir. Rule 8001(a)-1, please immediately send the BAP Clerk a copy of the signed and entered order or judgment being appealed if it was not attached to your notice of appeal.

After a Notice of Appeal has been filed, the parties' next step in prosecuting this appeal is compliance with F.R.B.P 8006 and 8007, which require Appellant to file within 14 days in the bankruptcy court a designation of the record, statement of issues on appeal, and a notice regarding the ordering of transcripts. Under these rules Appellee may also file a supplemental designation of the record and order transcripts. The party ordering the transcripts must make satisfactory arrangements for payment of their costs.

Even if transcripts are not ordered, Appellant is required to file with the bankruptcy court a notice stating that none are required. See also 9th Cir. BAP R. 8006-1.

The parties should note that the designation of the record under F.R.B.P. 8006 is a necessary procedural step in prosecuting an appeal and the parties may not later include in their excerpts of the record documents which have not been designated.

The record and bankruptcy file remain with the Clerk of the bankruptcy court and the Panel reviews only those items which are reproduced and included in the excerpts of the record filed at the time of the briefs. While the Panel may call up the formal record, in practice this rarely occurs.

Further, it is the parties' responsibility to monitor the appeal to ensure that transcripts are timely filed and the record is completed in a timely manner. Under F.R.B.P. 8007(a), the court reporter is required to file transcripts within 30 days of receipt of the parties' request, unless an extension has been granted.

After the record is complete, the Clerk of the bankruptcy court will send a Certificate of Record, sometimes referred to as a Certificate of Readiness or Certificate of Transcripts, to the BAP Clerk.

Appeals are set for hearing in the bankruptcy district from which the appeal arose whenever feasible. To expedite the appeal or if the parties feel argument is unnecessary, they may file a stipulation or motion to submit their appeal on the briefs and record, thereby waiving oral argument. The Panel will also consider stipulations requesting an alternative hearing location or hearing by telephone conference. Such motions should be filed at the earliest possible scheduled date, generally with the opening brief, as once a case has been scheduled for argument, continuance and request of change time and place are rarely granted.

<u>CERTIFICATE OF MAILING</u>

The undersigned, deputy clerk of the U.S. Bankruptcy Appellate Panel of the Ninth Circuit, hereby certifies that a copy of the document on which this certificate appears was transmitted this date to all parties of record to this appeal.

**By:** Vicky Jackson-Walker, Deputy Clerk

**Date:** September 28, 2011

# U.S. Bankruptcy Appellate Panel
# of the Ninth Circuit

125 South Grand Avenue, Pasadena, California 91105
Appeals from Central California (626) 229-7220
Appeals from all other Districts (626) 229-7225

**To:** Clerk, Sacramento Bankruptcy Court
**Debtor(s):** TIMOTHY R. TAYLOR
**BAP No.:** EC-11-1512
**Bk. Ct. No.:** 98-38409                     **ADV. NO.:** 11-2356

**INTERNAL Bk. Ct. NO.:** ***

The Bankruptcy Appellate Panel has received and docketed the notice of appeal referenced in the attached transmittal. The BAP case number is indicated above for your information.

If completion of the record has been delayed, please advise us as to the cause of the delay by completing the following checklist and sending a copy of this letter back to us:

**IF THE RECORD ON APPEAL IS COMPLETE, PLEASE SEND THE CERTIFICATE OF READINESS**

Susan M Spraul, BAP Clerk

**By:** Vicky Jackson-Walker, Deputy Clerk
**Date:** September 28, 2011

    **A) REASONS WHY THE RECORD HAS NOT BEEN COMPLETED. THE FOLLOWING ITEMS HAVE NOT BEEN FILED:**

        [ ] No Filing Fees paid
        [ ] No Designation of Record
        [ ] No Statement of Issues
        [ ] No Notice Regarding the Transcript
        [ ] No Reporter's Transcript(s)

            Reporter name:_____
            phone:_____
            Judge:_____
            Transcript date(s):_____

        [ ] No Transcript Fees paid
        [ ] Extension of Time Granted to Reporter:
          New deadline:_____
        [ ] Other:_____

    **B) DEPUTY CLERK PROCESSING THIS APPEAL**

        1. Name:_____
        2. Phone:_____
        3. Date:_____

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

---

In re: TIMOTHY R. TAYLOR

Debtor

------------------------------

TIMOTHY ROBERT TAYLOR

Appellant

v.

U.S. DEPARTMENT OF HEALTH AND
HUMAN SERVICES; OFFICE OF THE
INSPECTOR GENERAL; U.S.
DEPARTMENT OF EDUCATION; U.S.
DEPARTMENT OF JUSTICE; U.S.
DEPARTMENT OF JUSTICE

Appellees

BAP No. EC-11-1512

Bankr. No. 98-38409
Adv. No. 11-2356
Chapter 11

**FILED**

SEP 29 2011

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

---

**BRIEFING ORDER**
**(Prompt Action Required)**

Unless otherwise ordered by this court, the parties to this appeal shall timely complete all of
the briefing deadlines set forth below. Failure of the parties to comply with these deadlines
may result in dismissal of this appeal or in the imposition of other sanctions. These deadlines
control and supersede any briefing deadlines contemplated by the Federal Rules of
Bankruptcy Procedure ("FRBP").

**Last day for appellant(s) to file opening brief and appendix: November 14, 2011.**
**Last day for appellee(s) to file responsive brief and appendix: Twenty-One days after
service of appellant's opening brief.**
**Last day for appellant(s) to file optional reply brief: Fourteen days after service of
appellee's reply brief.**

Requirements for filing a brief, an appendix (excerpts of the record), and required certificates
are set forth in FRBP 8009 and 8010, and Ninth Circuit BAP Rules 8009(a)-1, 8009(b)-1, and
8010(a)-1. Length of briefs is governed by Ninth Circuit BAP Rule 8010(c)-1. See also 9th

Cir. BAP Rule 8006-1 (describing requirements for the inclusion of transcripts in the excerpts of the record).

The parties generally should expect that oral argument will occur shortly after briefing is completed. Please refer to the attached materials regarding advance consideration of issues concerning oral argument.

**FAILURE OF APPELLANT TO TIMELY PROVIDE AN ADEQUATE OPENING BRIEF AND ADEQUATE EXCERPTS OF THE RECORD IN COMPLIANCE WITH THE GOVERNING RULES MAY RESULT IN DISMISSAL OF THE APPEAL, OR IN SUMMARY AFFIRMANCE OF THE RULING ON APPEAL.** See Morrissey v. Stuteville (In re Morrissey), 349 F.3d 1187 (9th Cir. 2003).

FOR THE PANEL,

Susan M Spraul
Clerk of Court

**SUMMARY OF REQUIREMENTS FOR BRIEFS AND EXCERPTS OF THE RECORD**

This Summary is intended to help the parties file their briefs and appendix in the proper format, but it is not a substitute for reading and complying with all of the procedural rules listed in the Briefing Order, which rules govern the format and content of each brief and appendix. Briefs that do not comply with national and local rules may not be accepted for filing. Your attention is particularly called to the following requirements:

LENGTH -- Thirty pages for the opening briefs of appellant and appellee. Twenty pages for appellant's reply brief, if any.

NUMBER -- A signed original and four copies of all briefs; five copies of the excerpts of the record.

COVERS -- Appellant's opening brief - BLUE; appellee's brief - RED. appellant's reply brief - GRAY; all excerpts of the record - WHITE.

APPENDIX (Excerpts of The Record) -- The parties are required to include copies of all relevant documents from the bankruptcy court record, including transcripts, in their excerpts.

FORMAT OF APPENDIX -- The Appendix must comply with the requirements of 9th Cir. BAP Rule 8009 (b) - 1. FAILURE TO TAB ALL DOCUMENTS IN THE APPENDIX, TO CONTINUOUSLY PAGINATE THE ENTIRE APPENDIX, AND TO PROVIDE A TABLE OF CONTENTS IN THE FORM SPECIFIED IN THE ABOVE-REFERENCED RULE MIGHT SEVERELY HAMPER THE PANEL'S REVIEW OF THE ISSUES ON APPEAL.

CERTIFICATES -- Both appellant's and appellee's opening brief must contain a Certificate of Interested Parties. Appellants brief must also contain a Certificate of Related Cases.

CALCULATION OF TIME -- Briefs are deemed filed on the day of mailing. FRBP 8008(a).

## ADVANCE CONSIDERATION OF ISSUES CONCERNING ORAL ARGUMENT

While the parties are briefing, the BAP is considering where and when to set oral argument. Because the BAP seeks to set argument as soon as practical after briefing is completed, any stipulations, motions or notices concerning oral argument should be filed at the earliest possible time, generally with a party's first brief. While appeals typically are set for hearing in the bankruptcy district from which the appeal arose whenever feasible, the parties may file a stipulation or motion requesting an alternative hearing location or a hearing by telephone or video conference. The parties also may file a stipulation or motion to submit their appeal on the briefs and record, thereby waiving oral argument.

All parties should carefully review the dates on the BAP's annual hearing calendar located on the BAP's website: http://www.ce9.uscourts.gov/bap. This calendar contains dates that the BAP judges have set aside for argument, and it is likely that your appeal will be set for hearing on one of these dates. If a party knows or suspects that he or she will be unavailable on one of these dates, he or she should file as soon as possible a notice of unavailability, stating the dates on which he or she is unavailable. Once a case has been scheduled for argument, continuances and requests to change time or place are rarely granted.

## CERTIFICATE OF MAILING

The undersigned, deputy Clerk of the U.S. Bankruptcy Appellate Panel of the Ninth Circuit, hereby certifies that a copy of the document to which this certificate is attached was transmitted this date to all parties of record to this appeal, to the United States Trustee and to the Clerk of the Bankruptcy Court.

By: Vicky Jackson-Walker, Deputy Clerk
Date: September 29, 2011



**FILED**

**10/12/11**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re | ) | Bankruptcy Appellate Panel No  EC-11-1512 |
| Timothy Robert Taylor | ) | |
| | ) | |
| | ) | |
| | ) | Bankruptcy Court Case No.     98-38409-C-7 |
| _____ Debtor(s). | ) | |
| | ) | |
| Timothy Robert Taylor | ) | Adversary Proceeding No.     11-2356-C |
| | ) | |
| Plaintiff(s), | ) | |
| v. | ) | Docket Control No. |
| | ) | |
| Office of the Inspector General, US Dept of | ) | |
| Education, et al. ➕ | ) | |
| _____ Defendant(s). | ) | |

### CERTIFICATE OF RECORD

The undersigned Deputy Clerk of the U.S. Bankruptcy Court for the Eastern District of California, certifies pursuant to Rule 4(a) of the Rules of the U.S. Bankruptcy Appellate Panel for the Ninth Circuit, that the record with respect to the above-captioned matter is complete for purposes of appeal.  Pursuant to Fed.R.Bankr.P. 8007(b), the original record will be retained by this court.  Excerpts of the record, including transcripts, shall be filed and served with briefs as an appendix, pursuant to Fed.R. Bankr.P. 8009(b).

Dated:  **10/12/11**

FOR THE COURT
WAYNE BLACKWELDER, CLERK

U.S. Bankruptcy Court
501 I Street, Suite 3-200
Sacramento, CA 95814-2322
 (916) 930-4400

By: *Barbara Reynolds*
Deputy Clerk
BARBARA REYNOLDS

EDC 2-075 (Rev. 09/10/10)

*CASE NO. EC 11-1512*

## UNITED STATES BANKRUPTCY APPEALS PANEL
## FOR THE NINTH CIRCUIT

Appeal from the United States Bankruptcy Court
Eastern District of California, Sacramento

Chapter 7
BK Case No. 98-38409-R-7
Adv. Case No. 11-02356-R
The Honorable Chief Justice Christopher Klein
United States Bankruptcy Court Judge

RECEIVED
Susan M. Spraul, Clerk
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOV 0 7 2011

FILED _____

DOCKETED _____
                    DATE        INITIAL

**In re**
**TIMOTHY R. TAYLOR**

**TIMOTHY R. TAYLOR**
**Appellant**
**v.**
## DEPARTMENT OF HEALTH AND HUMAN RESOURCES, DEPARTMENT OF EDUCATION, OFFICE IN INSPECTOR GENERAL, DEPARTMENT OF JUSTICE

**Appellees.**

## APPELLANT'S NOTICE OF MOTION & MOTION FOR STAY PENDING APPEAL AND INJUNCTIVE RELIEF;  REQUEST FOR HEARING AND ORAL ARGUMENT TO BE HELD IN PASADENA, CALIFORNIA

Timothy R. Taylor, M.D.
531-A North Hollywood Way #114
Burbank, CA 91505
(818) 913-4698

In Pro Per

1

ORIGINAL

# Contents

I.   BACKGROUND ............................................................................................ 1

1.   A Stay Is Necessary to Prevent Irreparable Harm to Appellant ........................... 6

2.   Appellant is Likely To Prevail, or at Least Raise "Serious Legal Questions." ... 9

3.   The Requested Stay Will Not Substantially Harm the Appellees ...................... 14

4.   Public Interest Favors Affordable Health Care Services .................................... 14

II.   CONCLUSION: ........................................................................................ 15

# TABLE OF AUTHORITIES

## Cases

*Andrews v. South Dakota Student Loan Assistance Corp.* (*In re Andrews*);
   661 F.2d 702 (8th Cir. 1981) ..................................................................... 13

*Baker v. Latham Sparrowbush Assocs.,*
   72 F.3d 246 (2d Cir.1995) ........................................................................ 13

*Balla v. Idaho St. Bd. of Corrections,*
   869 F.2d 46 I, 466 (9th Cir. 1989) ............................................................ 9

*Barndt v. County of Los Angeles*
   211 Cal. App. 3d 397 (1989) ..................................................................... 14

*Bosiger v. U.S. Airways,*
   510 F.3d 442 (4th Cir.2007) ..................................................................... 13

*Campaniello Imports. Ltd. v. Saworiti Italia S.D.A.,*
   117 F.3d 655 (2d Cir. 1997) ..................................................................... 11

*Draswell v. Shoreline Fire Department ,*
   2010 DJ DAR 14626 .................................................................................. 8

*Duskin v. San Francisco Redevelopment Agency*
   31 Cal. App. 3d 769 (1973) ....................................................................... 14

*Enquist v. Or. Dept.of Agric.,* 475 F.3D 985 (9th Cir. 2007.) ....................... 8
*Gerhard v. Stephens*
   68 Cal. 2d 864 (1968) ................................................................................ 14

*In re Haddad,*
   68 Bankr. 944 (Bankr. D.Mass. 1987) ...................................................... 9

*In re Joye,*
   578 F.3d 1070 (9th Cir.2009) ................................................................... 12

*In re Syntex Corp. Securities Litigation,*
   95 F.3d 922 (9th Cir. 1996) ................................................................................. 10

*International Longshoremen's Ass'n, Local* 1291 v. *Phila. Marine Trade Ass'n,*
   389 U.S. 64 (1967)............................................................................................. 9

*Laing v. Laubach*
   233 Cal. App. 2d 511 (1965) ............................................................................. 14

*Merrit v. Mackey,*
   827 F. 2d 1368 (9th Cir. 1987) ........................................................................... 8

*Nken v. Holder,*
   129 S. Ct. 1749 (2009)......................................................................................... 6

*Scheuer v. Rhodes,*
   416 U.S. 232 (1974)........................................................................................... 10

*Shillitani v. Us.,*
   384 U.S. 364 ........................................................................................................ 9

*South v. Wishard*
   146 Cal. App. 2d 276 (1956) ............................................................................. 14

*Tennessee Student Assistance Corp v Hood*
   *541 US 440, 550*............................................................................................... 12

*United Student Aid Funds v. Espinosa,*
   130 U.S. 1367 (2010)..................................................................................... 11, 12

*United Student Aid Funds, Inc. v. Pena* (*In re Pena*),
   207 B.R. 919 (B.A.P. 9th Cir. 1997) ................................................................. 13

*Winter v. Natural Resources Defense Council, Inc.,*
   555 U.S. 7 (2008)................................................................................................. 6

**Statutes**
11 U.S.C. Section 523(a)(8) ............................................................................... 11, 13

**Other Authorities**
http://www.caeb.uscourts.gov/Judges/Klein.aspx ............................................... 6

iii

http://www.uscourts.gov/uscourts/RulesAndPolicies/rules/Agenda%20Books/Bankruptcy/BK1998-10.pdf ................................................................................... 6

**Rules**

Fed. R. Civ. P. 60 ...................................................................................... 11
Rule 8005 ...................................................................................................... 6
Rules 60 ........................................................................................................ 11

## I.   BACKGROUND

The crux of this case and unconscionability is retaliation by the University of California, Irvine ("UCI") for Taylor's testimony to federal investigators from the Veterans Administration Office of Inspector General about six suicides on ward L-1. [6:24-7:1, 26:18-30:22, 180-239]   After the investigation, UCI withheld Taylor's Certificate of Internship, which is proof that he is the doctor, and which identifies him and his training.  UCI still refuses to verify Taylor's medical credentials.  Taylor has never taken possession of the intellectual property paid for by the student loans. [55-29, 180-239].

In 1996, Taylor's student loans were "consolidated" into one loan with one payee in the amount of $183,139.39. [50-53]   By 1998, the loans had been mismanaged and grew to approx. $3,000,000.00 [30:23-31:10, 50-53].   Taylor remained current on his payments until the month prior to Chapter 7 Petition.  [118]. (The trial judge ruled, without an evidentiary hearing, that Taylor owed in excess of $435,000).

In 1997, Taylor filed two civil cases against UCI.  [180-239].  The Superior Court Judge ruled that UCI had no obligation to verify Taylor's medical education; that Taylor would have to start his medication education over.  Taylor appealed. [32:1-7; 250-266, noting corrupted copies of the USBC's archived file at pgs. 253, 255, 259, 264.]

1

On November 30, 1998 Taylor filed a Ch. 7 Petition Case No. 98-38409 in the Eastern District of California, Hon. D. Russell, presiding. [32: 8-10; 240, 241] Filed concurrently (and referred to in the Schedules) was Taylor's Declaration of Hardship Under 11 § 523(a)(8)(b) (the "Declaration") [7:7-13; 32:11-17; 242-292].   See Declaration of Timothy R. Taylor, Ex 1.

The Court sent notices to Appellees of the bankruptcy filing, meeting of creditors, Discharge Order, two hearing dates with notices and orders to object to discharge and/or to state a claim, but Appellees did not respond. [293, 296, 302]

Taylor also plead both he and his attorney spoke with representatives of Appellees before and during the bankruptcy: Taylor, of his intent to file for bankruptcy, and Mr. Thistle, his attorney in the civil actions, because the student loans were claimed as damages in the pending civil suits.   [34:13-27] Taylor plead Appellees agreed not to challenge the discharge of the student loans to motivate and facilitate a settlement of the litigation and appeal.  Taylor ultimately settled the cases: UCI would give Taylor his original Certificate of Internship and verify three years of post graduate medical education/training to anyone whom Taylor notified should get verification.   Taylor dismissed the cases, without prejudice. [11:18-12:1, 26:2-8 34:13-27; 54 – 69 (referencing pg. 58)].

In March 1998, the Court issued the 1999 Discharge Order:

"IT IS ORDERED THAT:

2

1. The above-named debtor(s) is (are) released from all dischargeable debts;

2. Any judgment heretofore or hereafter obtained in any court other than this court is null and void as a determination of the personal liability of the debtor(s) with respect to any of the following:

(a) Debts dischargeable under 11 U.S.C. § 523;

(b) Unless heretofore or hereafter determined by Order of this court to be nondischargeable, debts alleged to be excepted from the discharge under clauses (2), (4), (6) and (15) of 11 U.S. C. § 523 (a);

(c) Debts determined by this court to be discharged.

3. All creditors whose debts are discharged by this order and all creditors whose judgments are declared null and void by paragraph 2 above are enjoined from instituting or continuing any action or employing any process or engaging in any act to collect such debts as personal liabilities of the above-named debtor(2).

NOTE: The granting of this discharge does not affect any pending or subsequently filed complaints under 11 U.S.C. § 523 to obtain determination of the dischargeability of specific debt."

[297-299] ("1999 Discharge Order").

Between 1999 and 2007, Appellees abided by the Order and their agreement not to collect. [10:2-14]   However, UCI breached its settlement agreement.  [20:3-11; 35:1-36:1; 55-69]

In 2007, Appellees began aggressive collections and professional sanctions against Taylor.  Terminating professional sanctions include listing Taylor's name on multiple nationwide "exclusion" databases, accessed by all prospective employers, pharmacies and health care facilities.  [10:6 -- 11:17; 39:5-41:7; 70-79; 81-96]  The

reason given is defaulted student loan payments and unfulfilled public health service obligation.  [97-114, noting pg. 111].   At that same time, Taylor was the sole specialist in a manpower shortage area, treating hundreds of patients at a U.S. Public Health Service Hospital, which service takes priority over exclusion.  [20:3-21:7; 25:4-25:17]

Between 2007 and 2010, Taylor requested and was denied an administrative review of the sanctions. [41:9-45:1; 95,96; 105-113; 118-164; 167-175].   The final refusal came January 2, 2011.  [129, 130]

On May 10, 2011, Taylor filed a Motion for Civil Contempt, the subject of this appeal, originally assigned to Hon. David Russell, the Judge presiding over the 1998 Bankruptcy estate and author of the 1999 Discharge Order.  [1-314 (five documents filed as Doc. 1 in the Court's docket)] [1]   However, Hon. David Russell was replaced by Hon. Christopher Klein  [405-407] which Taylor believes is prejudicial, and the transition delayed the case for several months resulting in extended unemployment. See Taylor Dec. ¶ 6.

On September 13, 2011, after several continuances, the hearing on the motions was held.   Taylor's Motion for Civil Contempt was reclassified to a Motion for Determination of Hardship pursuant to 11 U.S.C. § 523.  [463:25-28] The judge

---

[1] @ 468:4-7 the trial court uses the fact that the Court filed Taylor's Declaration of Hardship Pursuant 11 USC Section 523(a)(8)(b) along with the Petition – not separately docketed.

4

denied a stay [457:15-27], granted Appellees' Motion, and barred Taylor from any further redress based on laches.  [468:16-469:6].

Ignoring allegations in the complaint, [6:17-7:1; 20:3-11; 30:18-22; 31:11-15; 31:18-24; 35:1-36:1; 55-69]  the trial court stated it reviewed the 1999 case file from archives (Taylor declared the file is on microfiche and corrupted [32:5-7, 253, 255, 259 264]) and ruled that all circumstances contained in his 1998 Declaration of Hardship and Schedules are irrelevant-any attempt by Taylor bring another motion would be dismissed on the doctrine of laches.  [468:16-469:3]

The trial court opined that the absence of an adversary proceeding in 1998/1999 resulted in a "misleading" Order.  The trial Court opined Taylor provided notice to "nobody" and did not serve Appellees with a Summons and Complaint pursuant to court rules [468:6-7].  The trial Court rendered the 1999 Discharge Order misleading [477:6-478:4] and its language deceptive [478:10-479:10].  The judge did not allow discovery or an evidentiary hearing, despite Taylor's request and notice to conduct discovery [391-402].

In a Motion to Dismiss filed in response to a Motion for Civil Contempt, the trial court revoked the Order as to student loans thirteen years after the Order had been issued.  [468:14-16].    Appellant, however, relies on the language of the Order. [479:4-480:13].

Taylor filed a Motion for Judgment on the Pleadings and alternatively, a

5

Motion to Invoke a Stay of Collections and Sanctions pending the outcome so he could work. [335-356]   For these reasons, Taylor has not applied to the trial court for a stay, as the trial court already denied a stay request, and has barred Taylor from further action to that court.   Taylor requests that bond be waived.

The court is authorized to issue a stay of enforcement of a judgment pending the outcome of an appeal, holding a ruling in abeyance to allow the Court the necessary time to review it and to allow or disallow anticipated action before the legality of that action has been conclusively determined. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22-23 (2008). *Nken v. Holder*, 129 S. Ct. 1749, 1753 (2009). The court is authorized to is make *"other appropriate orders"* during the pendency of the appeal in addition to a stay pursuant to Rule 8005.

Taylor is asking for a stay of the final ruling by Hon. Klein, and that this court issues orders requiring Appellees to remove Taylor's name from all exclusion lists on all national databases so he may see patients and earn a modest income, without bond.

**1.   *A Stay Is Necessary to Prevent Irreparable Harm to Appellant***

Taylor has suffered termination sanctions and is listed on national databases accessed by his profession as an "excluded" provider.  Judge Klein has created a new debt randomly totaling nearly half a million dollars.  Taylor claims all student loans were consolidated into a judgment and these debts were discharged by way of Court Order in 1999 that made "any judgment" for "debts dischargeable under 523…null

6

and void."   Appellees seek full payment of the alleged unproven debt, discharged debt and/or reaffirmation of the new debt total as condition of restoration.[2] [38:18-21; 81-82]   Taylor claims these actions are not seeking actual payment as student loans could have been forgiven by virtue of the service at the Public Health Service Hospital where he was employed when excluded.   Appellees did not collect for over eight years, but rather black-list Taylor from his profession.   Appellees are aware of and Taylor believes, have the ability to resolve the refusal by UCI to verify Taylor's credentials and/or deliver Taylor's original Certificate of Internship to him, which leaves him unemployable and/or underemployable.   [11:22-28; 454:9-454:13]

Exclusion is a terminating professional sanction reserved for only the severest cases of unethical behavior, malpractice or fraud.   Rarely are physicians excluded for defaulted student loans [97-104; 114, 163-168].   Taylor was not in default at the time of discharge in 1998, but because loans that were said to be consolidated by the Dept. of Justice were in collection by multiple governmental departments and other creditors simultaneously, the debt was wildly out of control.   Bankruptcy proceedings were necessary and largely curative until Appellees re-started collections in 2007.   Any lengthy time out from practicing medicine tarnishes his record.   Taylor has to account and explain this delay which results in job denials.   The delay itself will have the same

---

[2] If the debts were not discharged, the amount of the original loan/judgment is unclear.   The student loans are be collected upon by multiple agencies, the payee is unclear.

effect as though Appellees prevailed in the appeal and any subsequent proceeding. See Taylor Dec. ¶8.

Taylor's liberty interests rights are directly affected by these sanctions. The collection proceedings and exclusion deprives Taylor of his liberty interest in his profession. The Court, in *Draswell v. Shoreline Fire Department* , 2010 DJ DAR 14626, issued a ruling on liberty interest in one's profession in its ruling on September 16, 2010, "A person 'has a liberty interest in employment protected by the Due Process Claus' if 'dismissal effectively precludes future work in the individual's chose profession.' " *Merrit v. Mackey,*827 F.2d 1368, 1373 (9th Cir. 1987). To establish a violation of such a liberty interest, Plaintiff must show that his dismissal "destroyed [his] freedom to take advantage of other employment opportunities" and that because of the dismissal, it is "virtually impossible for [him] to find new employment in his chosen field." *Enquist v. Or. Dept.of Agric.,* 475 F.3D 985 (9th Cir. 2007.)   A person's liberty interest is also implicated if "the dismissal is for reasons that might seriously damage his standing in the community." *Merrit v. Makey, at* 1373 (9th Cir. 1987.)  [19:17-21:27]

Taylor has been unable to work in the USA since the excludion in 2009. [36:21-24; 349:2-9], and is currently without income from any source [350:3-15]. Because of the exclusion, it would be inherently inequitable to deprive Taylor his

interest in his profession and deny access to the courts and litigation process is highly prejudicial to him. [38:18-29:4, 40:4-6]  See Taylor Dec. ¶ 2.

## 2. *Appellant is Likely To Prevail, or at Least Raise "Serious Legal Questions."*

At no time during or after the bankruptcy case have Appellees applied to this court to revoke, challenge or void the 1999 Discharge Order under 11 U.S.C. § 727, Rule 60, or any other proceeding.  Yet, the trial court's ruling has the effect of the Appellees prevailing on such filings, without evidentiary hearings.  The Court failed to apply the appropriate standards of review in its ruling.

Motion for Civil Contempt:  The trial Court failed to apply the standards of review on the Motion for Civil Contempt, which Taylor met: the Order; service of the Order [297-299];  and actions taken in violation of that Order [10:6 – 11:17; 70-79; 81-114, noting pg. 111]. *In re Haddad*, 68 Bankr. 944, 952 (Bankr. D.Mass. 1987) [See also *Shillitani* v. *Us.*, 384 U.S. 364,370,86 S.Ct. 1431, 1532.]  *Balla* v. *Idaho St. Bd. of Corrections,* 869 F.2d 46 I, 466 (9th Cir. 1989) (citing *International Longshoremen's Ass'n, Local* 1291 v. *Phila. Marine Trade Ass'n,* 389 U.S. 64, 76 (1967).

Appellees admit collecting but claimed it need not abide by the Order [324-330] based on an alleged procedural deficiency of failing to serve a Summons and Complaint upon them.  However, Taylor plead that Appellees waived their rights to Summons and Complaint.

9

Taylor's complaint, which must be taken as true, listed several theories upon which it should have survived the motion to dismiss under 12(b)(6) and exceeded the requirement that the  complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief," such that the defendant has "fair notice of what the ... claim is and the grounds upon which it rests. " *In re Syntex Corp. Securities Litigation,* 95 F.3d 922, 926 (9th Cir. 1996).  The Motion to Dismiss is not a procedure for resolving a contest about the facts or the merits of the case, or whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support the claims asserted. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).   The Court did not apply the standard, and ignored Taylor's pleadings and evidence.  [15:8-26; 25:2-8; 25:13-19; 293; 296-299;  302-303].

It is unclear if, in fact, the trial judge actually read the moving papers, implying that the length of Appellant's moving papers was too lengthy to read [450:8-12]. The trial court appeared ignorant that Taylor's moving papers supported key facts with evidence, and ignored the critical aspects of a continuing hardship and the 2007 Hawai'i Bankruptcy [7:7-13; 35:17- 38:17] (upon which the trial court ruled on laches [451:19-457:4]) and others.

Revocation of the Order:  The 1999 Discharge Order exists, and specifies judgments under 523, and other non-dischargeable debts were discharged.  It was not

a "general" order. [Compare 297 to 305]. Yet, the trial court revoked it as to these Appellees. [465:23-28; 468:4-12] and concluded, "...the order against the United States is based on a faulty premise. The student loan debts were not discharged in case No. 98-38409-A-7." [468:13-15].

Appellees, however, did not challenge the Order at any time during the open case. Fed. R. Civ. P. 60(b) provides a mechanism for setting aside a judgment in certain circumstances. Rules 60 (d)(1) and (3), respectively, permit a court to "entertain an independent action to relieve a party from a judgment, order, or proceeding," or, "set aside a judgment for fraud on the court." In deciding whether to entertain an independent action for relief, a court must exercise discretion and look to traditional equitable principles. See *Campaniello Imports. Ltd. v. Saworiti Italia S.D.A.*, 117 F.3d 655, 661 (2d Cir. 1997). To obtain equitable relief through an independent action, claimants must "(1) show that they have no other available or adequate remedy; (2) demonstrate that movants' own fault, neglect, or carelessness did not create the situation for which they seek equitable relief; and (3) establish a recognized ground — such as fraud, accident, or mistake — for the equitable relief." Id. at 662. Appellees did none of this, yet the Order was revoked.

Taylor alleged in his moving papers, the point made by the Supreme Court in *United Student Aid Funds v. Espinosa,* 130 U.S. 1367 (2010), "523(a)(8) does not limit a bankruptcy court's jurisdiction over student loan debtor or impose

11

requirements that, if violated, would result in a denial of due process.  [15:1-10]
Instead,  it requires a court to make certain findings before confirming a student loan
debt discharged.    That this requirement is "self executing" *Tennessee Student
Assistance Corp v Hood 541 US 440, 550,* means that the bankruptcy court must make
an undue hardship finding even if the creditor does not request one, it does not mean
that a bankruptcy court's failure to make the finding renders its subsequent
confirmation order void,"  and "Neither the Code nor the Rules prevent the creditor
from waiving service of a summons and complaint."   By necessity, a Court's
determination of these debts is required prior to Discharge Order being issued.  The
Discharge Order is evidence that the debts were subjected to the court's consideration
of unconscionability and were discharged.  This ruling does not delineate a different
duty if a Debtor files for relief under Ch. 7 or Ch. 13.  In fact, the authority used for
the in *United v. Espinosa,* a Ch. 13 case, *Tennessee Student Assistance Corp v Hood,*
is a Chapter 7 case.

In 830 *Espinosa,* the Court rejected a student loan creditor's argument that it
was denied due process when the debtor failed to serve it with a summons and
complaint.  *Id @_1378.  Espinosa* is consistent with the long history of cases holding
that there is no due process violation where actual notice of a bankruptcy proceeding
is given. *See, e.g., In re Joye,* 578 F.3d 1070 (9th Cir.2009); *Bosiger v. U.S. Airways,*

510 F.3d 442 (4th Cir.2007); *Baker v. Latham Sparrowbush Assocs.,* 72 F.3d 246 (2d Cir.1995). Yet, the trial court refused to consider this argument from Taylor.

To dismiss the Contempt case, the judge had to find the moving papers untrue. To have prevailed, Appellees become unjustly entitled to ignore statutory duties to read the Petition, Schedules, Declaration, Notices, Orders to Object and the 1999 Discharge Order, to be relieved from the duty to file a claim, and/or an objection in violation of 42 U.S.C. § § 60.35 and 60.40 [15:1-17:10].

Reclassifying the Motion:  The judge reclassified Taylor's Motion for Civil Contempt to a Motion to Determine Dischargeability due to Hardship pursuant to 11 USC 523(a)(8)(b) [463:25-28]. Fairness and equity require each undue hardship case to be examined on the unique facts and circumstances that surround the particular bankruptcy. *See Andrews v. South Dakota Student Loan Assistance Corp.* (*In re Andrews*); 661 F.2d 702, 704 (8th Cir. 1981); *United Student Aid Funds, Inc. v. Pena* (*In re Pena*), 207 B.R. 919, 922 (B.A.P. 9th Cir. 1997).

If the reclassification of Taylor's motion was proper, the trial court denied Taylor the right to have his case examined on the unique facts and circumstances plead in 1998 which he plead exists today: retaliatory blacklisting by UCI's refusal to verify Taylor's credentials or deliver his Certificate of Internship, inability to work.

Laches:  The trial court erred in its ruling of laches, as Appellees did not plead or meet the standard required for that ruling. To prevail on laches, a requirement of

13

unreasonable delay plus either acquiescence in the act about which plaintiff complains or prejudice to the defendant resulting from the delay is necessary. *Barndt v. County of Los Angeles* (1989) 211 Cal. App. 3d 397,  *Duskin v. San Francisco Redevelopment Agency* (1973) 31 Cal. App. 3d 769, 774-775,  *Gerhard v. Stephens* (1968) 68 Cal. 2d 864.  An assertion of mere lapse of time, other than that prescribed by statutes of limitations, does not bar relief.  *Laing v. Laubach* (1965) 233 Cal. App. 2d 511 (delay induced by defendant);  *South v. Wishard* (1956) 146 Cal. App. 2d 276, 288-289, 303 P.2d 805 (delay induced by defendant's fraud).  Taylor plead that Appellees did not collect for nearly 9 years after the Order, and did not sanction Taylor until 11 years after the 1999 Discharge Order, resulting in the absence of court activity while they complied.

### 3.    *The Requested Stay Will Not Substantially Harm the Appellees*

For nine years, Appellees did not collect or sanction Taylor.  Appellees did not claim prejudice in any of their pleadings, and because the basis of their claims is a written judgment, no allegations can reach a level sufficient to show prejudice.  A stay will not harm Appellees.

### 4.    *Public Interest Favors Affordable Health Care Services*

Service in man power shortage areas and/or disputes to exclusion should result in an automatic stay.  This policy is articulated by 42 U.S.C. §1001: *"Default of health  education loan or scholarship obligations, Circumstance for exclusion,*

14

> *(3) The OIG will take into account access of beneficiaries to*
> *physicians' services for which payment may be made under*
> *Medicare,Medicaid or other Federal health care programs in*
> *determining whether to impose an exclusion;*
> *(4) The OIG will not exclude a physician who is the sole community*
> *physician or the sole source of essential specialized services in a*
> *community if the State requests that a physician not be excluded.* (in
> pertinent part)

Regardless of debt, a stay should have resulted from Taylor's notice to the

Appellees that he was a sole specialist in a designated manpower shortage area, and

separately from his dispute and request for appeal in and of itself.  Patients likewise

benefit.  [47:16-22; 163, 164; 310-314].

## II.   CONCLUSION:

Absent an accusation and charge of unethical behavior or malpractice,

negligence or criminal activity, the exclusion is based solely on a money judgment.

Based on this record, this court can be reassured that an injunctive relief will not

endanger the public, conforms with public policy and the public's interest will be

enhanced.

For the above reasons, Appellant requests that the court's ruling be stayed

pending appeal and injunctive relief be granted to Appellant which orders Appellees,

individually and collectively, to remove Appellant's name for any and medical and

other databases as being suspended, excluded or otherwise sanctioned, and cease all

collections pending the outcome of this matter, and until all judicial reviews have been

complete.

Dated: __11/7/11__

_____

TIMOTHY R. TAYLOR

DECLARATION OF TIMOTHY R. TAYLOR

I, Timothy R. Taylor, declare under penalty of perjury under the laws of the United States of America, as follows:

1.      I am the Petitioner of the case 98-38407-A-7 filed in November 1998 at the Eastern District US Bankruptcy Court.  I personally completed all paperwork and filed in person.  I make this Declaration in support of my application for a Stay of the trial court's ruling, and request for injunctive relief or other orders directing Appellees to remove my name as an excluded provider pending the final outcome of this issue.

2.      I am likely to suffer irreparable harm if this motion is not granted.  I am out of practice and my patients have lost a doctor for no other reason than an allegation of failure to pay student loans.  As a result of not having my medical credentials verified by UCI, and not taking possession of the Certificate of Internship, which is identifies me as the holder of my credentials, I have been gravely disadvantaged.  As stated in my moving papers, I had been only able to work interim jobs with staffing agencies in man-power shortage areas where service to patients exceeds strict verification requirements.  This work has not provided me with steady, stable income sufficient to benefit from my career.   Since the exclusion in 2009, I have not been able to work in the USA.  I am currently without income from any source .  Because of the exclusion, I am deprived of my interest in my profession and

1

lack of funds denies me equal access to the courts, as the litigation process is expensive.

3.    Now, with the exclusion, I cannot work at all because I am ineligible for malpractice insurance. I have been out of the practice of medicine for over a year as a result. Such an absence is suspicious to prospective employers, even staffing agencies in man-power shortage areas. Such an absence is highly prejudicial to me regardless of whether or not I ultimately prevail in this case.

4.    Most importantly, I left sick patients and am sought out by patients to act as their doctor. I am unable to treat them, which is unconscionable.

5.    The exclusion itself violates the exemptions claim in the 1998 Bankruptcy Petition and Schedules and Appellees' actions are taking of my exempt property. "All licenses" were claimed as exempt in the Individual Statement of Intention , section a. Entitled Property to be Retained,  I listed my license to practice medicine as a federal provider to be "exempt." Likewise, the California physician's license, an intangible, was listed on Schedule A (Personal Property; licenses and other intangibles), and on Schedule C - "Property Claimed as Exempt."

6.    On May 10, 2011, I filed a Motion for Civil Contempt, the subject of this appeal, originally assigned to Hon. David Russell, the Judge presiding over the 1998 Bankruptcy estate and author of the 1999 Discharge Order.   However, Hon. David Russell was replaced by Hon. Christopher Klein after all the motions were filed.  I

read on the Court's website that Judge Klein used to be a litigator representing Appellee Department of Justice. The court clerk called me to tell me that the status conference and hearings were continued because Judge Klein had been assigned to the case, he was on vacation on the day of the scheduled hearings, and that he didn't want any other judge to hear this matter. I thought that was odd. This judge assignment change and continuances delayed the case for several months resulting in extended unemployment.

7.     The Court does have the power to discharge student loans. When the trial judge stated a "discharge is a discharge is a discharge" and that "it does not matter what the sentences say" that "straightforwardly, as a matter of law, that the discharge order can be very misleading" (Transcript from Sept 13 2011 Motion for Dismissal Hearing), I was shocked. Judge Klein argued that if the discharge order meant what it says it would "rewrite... 11 USC section 524. That is, in terms of the discharge, the court lacks authority to re-write the statute. The Congress did not say, unless the court otherwise orders, the discharge does the following. It specified precisely the terms of the discharge..." (Transcripts Sept 13, 2011, page 7). Klein wrote "All the order is saying is that section 524 is the injunction. It is not changing the terms of the statutory injunction one iota... The court has no authority to do that..." (discharge the student loan judgment under 523 as the order "misleads" by its language). Those statements are in direct contrast with everything I knew to be true

3

and with cases I have read.  If the language of the Order WAS misleading, it would appear that both the Appellees, their   collection agents and I were all mislead for nearly a decade.

8.     Klein argued that because there was no adversary hearing with summons and complaint that the 524 injunction could not apply to the student loan debtors.  He correctly said I didn't understand.  I read, in *Espinoza*, which citing Hood, a chapter 7 case, what the Honorable Justice Thomas said about that: "First, a 523 a8's statutory requirement that a bankruptcy court find undue hardship before discharging a student loan debt is a precondition to obtaining a discharge order, not a limitation on the bankruptcy court's jurisdiction".  Therefore I thought the court does have the power to discharge student loans, and the determination was made prior to the discharge order, as is in the order as written.  Judge Thomas more pointedly added: "Second, the requirement that a bankruptcy court make this finding in an adversary proceeding derives from the bankruptcy rules... which are "procedural rules adopted by the court for the orderly transaction of its business" that are "not jurisdictional."  I don't understand how a ruling on a Ch. 13 case, using authority of a Ch. 7 case, makes this very clear logic inapplicable.

9.     The Discharge Order is written in plain English, and is not misleading. Because I referred to the Declaration in Support of Discharge of Student Loans Due to Hardship under 523 (a)(8)(B) several times in the Schedules in response to required

4

information, I informed the court that all student loans had been consolidated into a judgment and settlement term.   The Discharge Order expressly addresses and discharges this debt:

> "IT IS ORDERED THAT:
>
> **Any judgment** heretofore or hereafter obtained in any court other than this court is null and void as a determination of the personal liability of the debtor with respect to any of the following:
>
> (a) **debts dischargeable under USC section 523...;**

If this language is misleading I could not have known it, and could have avoided terminal sanctions of permanent exclusion far sooner than this instant case.   For example, had I known that the 1999 Discharge Order did not mean what was written in it, why did Appellees wait until after my 2007 Hawaii Bankruptcy to collect?  If I had known the Order was misleading, I could have included Appellees in that proceeding, avoiding terminal sanctions and eliminating any argument of laches.

10.   Exclusion is a terminating professional sanction reserved for only the severest cases of unethical behavior, malpractice or fraud.   Rarely are physicians excluded for defaulted student loans [97-104; 114, 163-168].  I was not in default at the time of discharge in 1998, but because loans that were said to be consolidated by the Dept. of Justice were in collection by multiple governmental departments and other creditors simultaneously, the debt was wildly out of control.   Bankruptcy

proceedings were necessary and largely curative until Appellees re-started collections in 2007.   Any lengthy time out from practicing medicine tarnishes my record.  I have to account and explain this delay which results in job denials.  The delay itself will have the same effect as though Appellees prevailed in the appeal and any subsequent proceeding.  See Taylor Dec. ¶8.

11.    During Oral argument, in dissent to the fact of this history, and declining to hear argument, Judge Klein said "I was on the Rules Committee that writes the rules nationally in 1998, so I think I know how it worked…" [ 447:15-448:2].  But on his website (http://www.caeb.uscourts.gov/Judges/Klein.aspx) it states that "From 2000-2007, Judge Klein was a member of Advisory Committee on Bankruptcy Rules of the Judicial Conference of the United States and the Advisory Committee on the Federal Rules of Evidence" (not in 1998).  The publication "Advisory Committee on Bankrutpcy Rules, October, 1998, http://www.uscourts.gov/uscourts/RulesAndPolicies/rules/Agenda%20Books/Bankruptcy /BK1998-10.pdf) likewise does not include Judge Klein as a committee member, or participant, and the elimination of Discharge by Declaration is not included in the agenda.

12.    While I believe the 1999 Discharge Order resulted from a fully administered estate, and was final and the trial court's ruling was an abuse of

discretion and error in law, I believe I will also prevail in this matter for the following reasons:

a)   The trial court's ruling that the Petition, Schedules and Declaration are "irrelevant" and barred by laches is simply in error.  The Declaration of Hardship was incorporated into the Petition, Schedules and Statement of Financial Affairs – it was referred to throughout, and made a part of the Petition.  The Declaration of Hardship was a prayer for relief from student loans.

   i.)   The Statement of Affairs "must be answered".  Exhibit A – the Declaration of Hardship Pursuant to 11 U.S.C. § 523(a)(8)(b), (the "Declaration") was the answer to questions in the Statement of Affairs.  The Bankruptcy Code requires the Statement of Affairs "to be completed by every debtor... **Each question must be answered**" (Bold type in the Court's original instructions).   And, "if additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question".

   ii)   In the Statement of Affairs, the answer to Question 3, "Payments to Creditors" lists the US Attorney as a creditor.  The answer to Question 4, "Suits, Executions, Garnishments and Attachments" required me to "list all suits to which the debtor is or was a party within one year prior to the filing of this case." I listed Case 779553 of the Orange County Superior Court, in which

7

I was Plaintiff attempting to obtain possession of my residency credentials, a vital identifier for any physician, and the ultimate product of the student loan debt. I was (and remain) blacklisted by the University of California, Irvine's Psychiatry Department in retaliation for truthful statements to the Veterans Administration Inspector General in 1990, with regards to a series of recent suicides at the Long Beach VAMC about which I had knowledge. That case resulted in the very adverse ruling by the Judge that UC Irvine need not legally verify my education to anyone, precipitating the bankruptcy case with "Petition for discharge of student loans under hardship pursuant to 11 USC 523 (a)8(b)." The answer to Question 4 states: "Judge ruling Plaintiff Taylor must "start over" with residency education to proceed. See Declaration of Hardship. Exhibit A." Exhibit A is integral to the Statement of Affairs, and is not irrelevant as Judge Klein ruled.

iii. The Summary of Schedules is defined by the Court to "determine the total amount of the debtor's liabilities", and likewise, referencing the Declaration cannot be "irrelevant."

iv. Schedule D: The Court required that I "List creditors holding all types of secured interests such as judgment liens." Listed on Schedule D was the US Attorney which held the 1996 judgment and settlement

that included student loans, and the Department of Education. The Declaration was incorporated into that schedule.

v.     Schedule I - "Current Income of Individual Debtors": required that I "Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document." There is no space provided on the form, and an attachment was necessary to answer that question. I wrote in my own handwriting on the form "See Declaration of Hardship - Exhibit A." The Declaration of Hardship thus also contained information that the court demanded as part of the required Schedule I.

vi.    Exhibit D, tax returns:   was also referenced in Schedule I, in addition to Exhibit A - "Declaration of Hardship" and integral to the Petition itself. Tax returns were listed as Ex D on Schedule J - "Current Expenditures" along with "HEAL loans as "Installment payments" on Schedule J.

13.   These facts and documents cannot be declared to be irrelevant 12 years later in a Contempt Dismissal, because they were actually required by the court. These same documents and facts are completely relevant  because I plead that the same circumstances that existed in the Declaration, currently exist, and the trial court is required to consider all of my allegations in the moving papers as true.

14      Attached hereto as **Exhibit 1** are true and correct copies of the original

1998 Ch. Bankruptcy Petition, Schedules, and Statement of Financial Affairs that I

filed in the United States Bankrupty Court, Eastern District, which is incorporated

hereto by reference to the Request for Judicial Notice [178:14-179:2]

I declare under penalty of perjury under the laws of the United States of

America, that the foregoing is true and correct.  Executed this 7th day of November,

2011, at Burbank, California.

_____
TIMOTHY R. TAYLOR

| United States Bankruptcy Court District of | VOLUNTARY PETITION (part 1) |
|---|---|

| Name of Debtor (If individual, enter Last, First, Middle) | NAME OF JOINT DEBTOR (Spouse) (Last, First, Middle) |
|---|---|
| Taylor, Timothy Robert | |

| ALL OTHER NAMES used by the debtor in the last 6 years (including married, maiden and trade names) | ALL OTHER NAMES used by the joint debtor in the last 6 years (include married, maiden and trade names) |
|---|---|

| SOC. SEC./TAX I.D. NO. (If more than one, state all) | SOC. SEC./TAX I.D. NO. (If more than one, state all) |
|---|---|
| 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 | |

| STREET ADDRESS OF DEBTOR (No. and street, city, state, zip) | STREET ADDRESS OF JOINT DEBTOR (No. and street, city, state, zip) |
|---|---|
| P.O. Box 1272 Chico, CA 95927 | |

| 1250 Elliott #16 Paradise, CA 95969 | COUNTY OF RESIDENCE OR PRINCIPAL PLACE OF BUSINESS Butte | | COUNTY OF RESIDENCE OR PRINCIPAL PLACE OF BUSINESS |
|---|---|---|---|

| MAILING ADDRESS OF DEBTOR (If different from street address) | MAILING ADDRESS OF JOINT DEBTOR (If different from street address) |
|---|---|
| P.O. Box 1272  Chico, CA 95927 | |

LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR (If different from addresses listed above)

1250 ELLIOTT #16, Paradise, CA 95969

## Information Regarding the Debtor (Check the Applicable Boxes)

VENUE (Check any applicable boxes)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| Type of Debtor (Check all boxes that apply) | Chapter or Section of Bankruptcy Code Under Which |
|---|---|
| ☒ Individual(s)   ☐ Railroad | the Petition is Filed (Check one box) |
| ☐ Corporation   ☐ Stockbroker | ☒ Chapter 7   ☐ Chapter 11   ☐ Chapter 13 |
| ☐ Partnership   ☐ Commodity Broker | ☐ Chapter 9   ☐ Chapter 12 |
| ☐ Other | ☐ Sec. 304 – Case ancillary to foreign proceeding |

| Nature of Debts (Check one box) | Filing Fee (Check one box) |
|---|---|
| ☒ Consumer/Non-Business ☐ Business | ☒ Full Filing Fee attached |

| Chapter 11 Small Business (Check all boxes that apply) | ☐ Filing Fee to be paid in installments (Applicable to individuals only) |
|---|---|
| ☐ Debtor is a small business as defined in 11 U.S.C. § 101 | Must attach signed application for court's consideration |
| ☐ Debtor is and elects to be considered a small business under | certifying that the debtor is unable to pay fee except in installments. |
| 11 U.S.C. § 1121(e) (Optional) | Rule 1006(b). See Official Form No. 3. |

Statistical/Administrative Information (Estimates only)

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.

☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |

| Estimated Assets | | | | | | |
|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Debts | | | | | | |
|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
| ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |

THIS SPACE IS FOR COURT USE ONLY

98-38409-A-7
DEBTOR: TIMOTHY TAYLOR
DEBTOR IS PRO SE
JUDGE: HON. D. RUSSELL
TRUSTEE: N. BOWMAN
341 MEETING (Tentative Setting):
  01/06/99, 3:00PM - 1st
Official meeting notice to be mailed
CHAPTER: 7   COUNTY: BUTTE

FILED 11/30/98 - 12:41PM
RELIEF ORDERED
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION
DEPUTY: JPis
RECEIPT NO: - -                    $ 0

© E·Z LEGAL FORMS®

K100-4

**MOTION FOR STAY EX 1, PAGE 1**

## VOLUNTARY PETITION (part 2)
*(This page must be completed in every case)*

**Name of Debtor(s)** Timothy Robert Taylor

### Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet)

| Location: | Case Number: | Date Filed: |
|---|---|---|
| Date Filed: None | | |

### Pending Bankruptcy Case filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor: None | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _Timothy R. Taylor_
Signature of Debtor

X _____
Signature of Joint Debtor

1-888-600-1523
Telephone Number (If not represented by attorney)

11/23/98
Date

### Signature of Attorney

X _____
Signature of Attorney for Debtor(s)

_____
Printed Name of Attorney for Debtor(s)

_____
Firm Name

_____
Address

_____
Telephone Number

_____
Date

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securites and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐ Exhibit A is attached and made a part of this petition.

### Exhibit B

(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _____
Signature of Attorney for Debtor(s)          Date

### Signature(s) of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.
The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of Non-Attorney Petition Preparer

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number

_____
Address

_____
Names and Social Security numbers of all other individuals who pre-pared or assisted in preparing this document.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

_____
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. § 156.

# United States Bankruptcy Court

__EASTERN__ **DISTRICT OF** __SACRAMENTO__

In re __Timothy Robert Taylor__,   Case No._____
                Debtor                    (If known)

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report totals from Schedules A,B,D,E,F, I and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E and F to determine the total amount of the debtor's liabilities.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $ 0.00 | | |
| B - Personal Property | Yes | 3 | $ 3361 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 3 | | $ 773,000.00 | |
| E - Creditors Holding Unsecured Priority Claims | Yes | 7 | | $ 1,651,423.0 | |
| F - Creditors Holding Unsecured Non-Priority Claims | Yes | 7 | | $ 868,430.69 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtors | Yes | 1 = Exh D | | | $ 2290.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $ 3575.00 + |
| Total Number of Sheets of ALL Schedules -> | | 26 | | | |
| Total Assets -> | | | $ 3361 °° | | |
| Total Liabilities -> | | | | $ 3,292,853.°° | |

**MOTION FOR STAY EX 1, PAGE 3**

In re _____     Case No. _____
                 Timothy Robert Tayl...
                        Debtor                                    (If known)

## SCHEDULE B – PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 11.  Interests in IRA, ERISA, Keogh or other pension or profit sharing plans. Itemize. | XX | | | |
| 12.  Stock and interests in incorporated and unincorporated businesses. Itemize. | XX | | | |
| 13.  Interests in partnerships or joint ventures. Itemize. | XX | | | |
| 14.  Government and corporate bonds and other negotiable and nonnegotiable instruments. | XX | | | |
| 15. Accounts Receivable. | . | BILLING to INSURANCES | | $ 1,400 ⁰⁰ APPROX. |
| 16.  Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | XX | | | |
| 17.  Other liquidated debts owing debtor including tax refunds. Give particulars. | XX | | | |
| 18.  Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | XX | | | |
| 19.  Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | XX | | | |
| 20.  Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | XX | | | |
| 21.  Patents, copyrights, and other intellectual property. Give particulars. | XX | | | |
| 22.  Licenses, franchises, and other general intangibles. Give particulars. | XX | CA UC# 666724  DMV Lic #N4280139 | | in tan in tan |

© E•Z LEGAL FORMS®

K100-11B

In re ___Timothy Robert Taylor___      Case No. _____
            Debtor                                        (If known)

## SCHEDULE B – PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, and the number of the category. If the debtor is married, state whether husband, wife or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C–Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G–Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | | | | $16.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Bank of America 6678 Clark Road Paradise, CA 95969    Checking Acct#2778503875    Savings #27782-00447 | | $85.00 $25.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | XX | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Stereo Computer Futon | | $125.00 $400.00 $40.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | | Books Compact Discs | | $50.00 $35.00 |
| 6. Wearing apparel. | | Clothing | | $50.00 |
| 7. Furs and jewelry. | | Watch | | $35.00 |
| 8. Firearms and sports, photographic and other hobby equipment. | | Camera Hobbie Tools | | $150.00 $50.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | XX | | | |
| 10. Annuities. Itemize and name each issuer. | XX | | | |

In re Timothy R. Taylor _____     Case No. _____
          Debtor                                                          (If known)

## SCHEDULE A – REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds the rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G–Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C–Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| None | | | | |
| | | | Total ➤    $     0 | |

(Report also on Summary of Schedules)

© E•Z Legal Forms®

K100-10

**MOTION FOR STAY EX 1, PAGE 6**

In re Timothy Robert Taylor _____  Case No. _____
        Debtor                             (If known)

## SCHEDULE B – PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | | 1974 Ford Mustang II | | $500.00 |
| 24. Boats, motors, and accessories. | XX | | | |
| 25. Aircraft and accessories. | XX | | | |
| 26. Office equipment, furnishings, and supplies. | | Paper, ink, pens, envelopes, postage stamps, calculator | | $50.00 |
| 27. Machinery, fixtures, equipment, and supplies used in business. | | Diagnostic tools(stethoscope) | | $50.00 |
| 28. Inventory. | XX | | | |
| 29. Animals. | XX | | | |
| 30. Crops–growing or harvested. Give particulars. | XX | | | |
| 31. Farming equipment and implements. | XX | | | |
| 32. Farm supplies, chemicals, and feed. | XX | | | |
| 33. Other personal property of any kind not already listed. Itemize. | | Washer and Dryer | | $300.00 |

_____ continuation sheets attached    Total >   $ _3361_

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

In re Timothy R. Taylor _____   Case No. _____ _____
　　　　　　　Debtor　　　　　　　　　　　　　　　　　　　　(If known)

## SCHEDULE C -- PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:

**(Check one box)**

☐　11 U.S.C. §522(b)(1): Exemptions provided in 11 U.S.C. §522(d). Note: These exemptions are available only in certain states.

☑　11 U.S.C. §522(b)(2): Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Personal Property | CA Civil Code Sec. 703.140 | | |
| 1974 Mustang 2 | | 500.00 | 500.00 |
| Books | | 50.00 | 50.00 |
| Household Goods | | 400.00 | 400.00 |
| Clothing | | 50.00 | 50.00 |
| Jewelry(watch) | | 35.00 | 35.00 |
| Miscellaneous | CA CC Sec 703.140 | | |
| CA physicians license | | intangible | int. |
| DEA certificate | | intangible | int. |
| spectacles/contacts | | 500.00 | 25.00 |
| Computer | | 400.00 | 400.00 |
| Washer and Dryer | | 300.00 | 300.00 |

© E•Z Legal Forms™

In re Timothy R. Taylor                    Case No. _____
_____
Debtor                                                    (If known)

## SCHEDULE D – CREDITORS HOLDING SECURE CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding claims secured by property of the debtor as of the date of filing of the petition. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests. List creditors in alphabetical order to the extent practicable. If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H–Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 554-927404  INTERNAL REVENUE SERVICE  OGDEN, UTAH  84201 | | | 1990 – 1997  ~~$125,000~~  VALUE $ | | U | | $125,000 | |
| ACCOUNT NO. 554 927404  CA Franchise Tax Board  PO Box 942867  Sacramento CA  94267-0011 | | | 1990–1995  VALUE $ | | U | | $13,000 | |
| ACCOUNT NO. 554927404  US Dept Justice  650 Capitol Mall  SAC, CA 95814 | | | 1996  VALUE $ | | U | | $200,000 | |
| ACCOUNT NO. 554 927404  US Dept Ed.  PO Box 4169  Greenville TX  75403 4169 | | | 1998  VALUE $ | | √ | | $80,000 | |

2 continuation sheets attached

Subtotal ➤ $ 418,000
(Total of this page)
Total ➤ $
(Use only on last page)
(Report total also on Summary of Schedules.)

© E•Z LEGAL FORMS®

K100-13A
**MOTION FOR STAY EX 1, PAGE 9**

In re _Timothy R. Taylor_
Debtor

Case No. _____
(If known)

## SCHEDULE D -- CREDITORS HOLDING SECURE CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 554927404 <br><br> CA Student Aid Commi. <br> PO Box 4702 62 <br> Tulsa Ok 74147 <br><br> VALUE $ | | | 7/91 | | J | | 80,000⊕ | |
| ACCOUNT NO. 557927404 <br><br> NCO <br> PO Box 470262 <br> Tulsa Ok 74147 <br><br> VALUE $ | | | 7/91 | | J | | 80,000⊕ | |
| ACCOUNT NO. 554927404 <br><br> EDFUND <br> PO Box 419033 <br> Rancho Cordova CA <br> 95741-9033 <br><br> VALUE $ | | | 9/94 | | J | | 50,000⊕ | |
| ACCOUNT NO. 554927404 <br><br> CA ST. AID COMMISS. <br> PO Box 510623 <br> Sac. CA <br> 94245 <br><br> VALUE $ | | | 9/94 | | J | | 80,000⊕ | |
| ACCOUNT NO. 554927404 <br><br> Illinoy St. Loan Fund <br> POBox 235 <br> Deerfield IL 60015-5209 <br><br> VALUE $ | | | 7/91 | | J | | 15,000 | |

Sheet no. __1__ of _2_ continuation sheets attached to
Schedule of Creditors Holding Secured Claims

Subtotal ► (Total of this page)   $ 305,000

Total ► (Use only on last page)   $

(Report total also on Summary of Schedules.)

© E•Z Legal Forms®

K100-13B

**MOTION FOR STAY EX 1, PAGE 10**

In re ___Timothy R. Tricor___    Case No. _____
            Debtor                              (If known)

## SCHEDULE D -- CREDITORS HOLDING SECURE CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 554 927404 <br><br> US Dept ED <br> 401 S. State St. <br> Chicago Ill 60605 | | | 4/92 <br><br> VALUE $ | | J | | 50,000 | |
| ACCOUNT NO. <br><br> VALUE $ | | | | | | | | |
| ACCOUNT NO. <br><br> VALUE $ | | | | | | | | |
| ACCOUNT NO. <br><br> VALUE $ | | | | | | | | |
| ACCOUNT NO. <br><br> VALUE $ | | | | | | | | |

Sheet no. _2_ of _2_ continuation sheets attached to
Schedule of Creditors Holding Secured Claims

Subtotal ➤ | $ 50000
(Total of this page)
Total ➤ | $ 773000
(Use only on last page)
(Report total also on Summary of Schedules.)

In re: Timothy R. Taylor _____  Case No. _____
         Debtor(s)                              (if known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule E.

**TYPE OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Extensions of credit in an involuntary case**   Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. §507 (a)(2).

☐ **Wages, salaries, and commissions**   Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees, and commissions owing to qualifying independent sales representatives up to $4,000* per person, earned within 90 days immediately preceding the filing of the original petition or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. §507 (a)(3).

☐ **Contributions to employee benefit plans**   Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. §507 (a)(4).

☐ **Certain farmers and fishermen**   Claims of certain farmers and fishermen, up to $4,000* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507 (a)(5).

☐ **Deposits by individuals**   Claims of individuals up to $1,800* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use that were not delivered or provided. 11 U.S.C. §507 (a)(6).

☐ **Alimony, Maintenance, or Support**   Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. §507 (a)(7).

☒ **Taxes and Certain Other Debts Owed to Governmental Units**   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. §507 (a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. §507 (a)(9).

* Amounts are subject to adjustment on April 1, 1998, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CO DEBTOR | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CUD | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|
| A/C# 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 IRS POB 30507 LA, CA 90030-0507 | | | 11/15/98 | | $125,000 | |
| A/C# 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 CA Franchise Tax Board POB 942867, Sac, CA | | | 11/15/98 | | $12,328.59 | |
| A/C# 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 Patrick J. Thistle Attorney 523 W 6th ST LA, CA 90014 | | | 11/98 | U | 140,000 | |
| A/C# 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 INTERNAL REVENUE OGDEN, UTAH, 84201 | | | 1/90 - 11/98 | U | $125,000 | |
| A/C# 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 CA TAX BOARD Po Box 942867 Sacramento CA 94267-0011 | | | 1/90 - 11/98 | U | $12,500.00 | |

6 Continuation sheets attached.

Subtotal -> (Total of this page)   $277,500.00
Total -> (use only on last page of the completed Schedule E)   $

*If contingent, enter C; if unliquidated, enter U; if disputed, enter D.

(Report total also on Summary of Schedules)

© E•Z LEGAL FORMS®

K100-14A

**MOTION FOR STAY EX 1, PAGE 12**

In re: _TIMOTHY R. TAYUG_____,   Case No. _____
　　　　　　　 Debtor(s)　　　　　　　　　　　　　　　　　　(if known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CO DEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C U D | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|
| A/C# 55 54 927404 US Dept of Education PO Box 4169 Greenville TX 75403-4169 | | | 5/90 | J | 2987.14 | |
| A/C# 5254927404 US Dept of Education to Box 4169 Greenville TX 75403-4169 | | | 9/92 | V | 12638.38 | |
| A/C# 55992740458006779872269 NCO PO Box 470262 Tulsa Ok 74147 | | | 7/91 | J | 38,939.28 | |
| A/C# 55549275045800672982269 CA Student Aid Commission PO Box 470262 Tulsa, OK 74147 | | | 7/91 | J | 38,939.28 | |
| A/C# 554 927404 ED FUND PO Box 419041 Rancho Cordova CA 95741-9041 | | | 7/91 | V | 43,707.44 | |
| A/C# 5549 927404 831,474 ILLINOIS STUDENT ASS, COMMI. PO BOX 285 Deerfield, IL 60015-5209 | | | 7/91 | U | 10,288.22 | |
| A/C# 183670 6098 NCO PO Box 7602 FT Washington PA 19034 | | | 9/98 | V | 1,500.00 | |
| A/C# 5 8711 4917 ED FUND PO B, 419 033 Rancho Cordova CA 95741 9033 | | | 9/94 | V | 8 310.24 | |
| A/C# 585132611 ED FUND PO B, 419033 Rancho Cordova CA 95741-9033 | | | 9/94 | V | 5420.73 | |
| A/C# 584127298 ED FUND PO B 419033 Rancho Cordova CA 95 741-9033 | | | 9/94 | J | 5420.73 | |
| A/C# 583713775 ED FUND PO Bx 419033 Rancho Cordova CA 9587-9033 | | | 9/94 | V | 5420.73 | |

_C_ Continuation sheets attached.

Subtotal > $ 173,568

(Total of this page)

Total > $

(use only on last page of the completed Schedule E)

*If contingent, enter C; if unliquidated, enter U; if disputed, enter D.　　　　(Report total also on Summary of Schedules)

© E·Z LEGAL FORMS™

K100-14B

**MOTION FOR STAY EX 1, PAGE 13**

In re: Timothy R. TAYLOR
_____
Debtor(s)

Case No. _____
(if known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C U D | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|
| A/C# C8 1122204 <br> EDFUND <br> POB 419033 <br> Rancho Cordova CA 95471 | | | 2168  9/94 | U | 2168.34 | |
| A/C# S 8006 7798 <br> EDFUND <br> POB 419033 <br> Rancho Cordova CA 95871 | | | 9/94 | U | 2168.34 | |
| A/C# 559 927404 <br> EDUC Funding Services <br> POB 8020 <br> Newport Beach CA 92658-8020 | | | 4/88 | U | 48,289.16 | |
| A/C# 9862-00838-077 <br> KNIGHT TUITION PLANS <br> 855 BOYLSTON ST <br> BOSTON MA 02116 | | | 12/93 | U | 18,251 | |
| A/C# MARINE MIDLAND Bank <br> 554927404 <br> MARINE MIDLAND <br> POB 25067 92799-5067 <br> 5590 to due CA | | | 5/89 | U | 20,000 | |
| A/C# 135 476-228 108-55 <br> CRW 470262 <br> PO Box <br> TULSA OK 74147 | | | 12/90 | U | 9,552 | |
| A/C# 51 751 -559927404-0 <br> C.G.S <br> 747 Dartmouth ave. <br> Claremont CA 91711-3978 | | | 1/90 | U | 2979.30 | |
| A/C# 870279003 <br> HEAF <br> ST PAUL Minnesota <br> 55101-2773 | | | 9/92 | J | 140,000 | |
| A/C# 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 <br> Sallie Mae HEAL <br> POB 1660 <br> Merrifield, VA 22116 | | | 9/92 | U | 141,119.57 | |
| A/C# 559-927404 <br> SLMA <br> 365 Herndon Pkwy <br> Herndon VA 22070 | | | 9/92 | J | 137,925.78 | |
| A/C# S 8006 7798 <br> CA St. AID <br> PO B 510623 <br> SAC, CA 94245 | | | 5/94 | | 2,377.00 | |

__6__ Continuation sheets attached.

Subtotal ➤ | $ 524,828 |
(Total of this page)

Total ➤ | $ |
(use only on last page of the completed Schedule E)

*If contingent, enter C; if unliquidated, enter U; if disputed, enter D.

(Report total also on Summary of Schedules)

© E·Z LEGAL FORMS·

K100-14B

**MOTION FOR STAY EX 1, PAGE 14**

In re: _Timothy R. Taylor_   Case No _____
　　　　Debtor(s)　　　　　　　　　　　　　　　(if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C U D | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|
| A/C# 5S 1122204<br>CA ST AID<br>POB 510623<br>SAC, CA 94245 | | | 5/94 | √ | 2,376.00 | |
| A/C# SR 311312<br>CA STAID<br>POB 510623<br>SAC, CA 99245 | | | 5/94 | ∪ | 5,420.00 | |
| A/C# S 132278<br>CA ST AID<br>POB 510623<br>SAC, CA 94245 | | | 9/94 | √ | 5,940.00 | |
| A/C# S89 252798<br>CA ST. AID<br>POB 510623<br>SAC CA 94245 | | | 5/95 | ∪ | 5940.00 | |
| A/C# S 5132671<br>CA STAID<br>POB 510623<br>SAC, CA 94245 | | | 5/94 | ∪ | 5,940.00 | |
| A/C# S 6214917<br>CA ST. AID<br>POB 510623<br>SAC CA 94245 | | | 5/94 | ∪ | 8,911.00 | |
| A/C# S7 11 4912<br>CA STAID<br>POB 510623<br>SAC, CA 99283 | | | 5/94 | ∪ | 8,911.00 | |
| A/C# 5 73155492740 405552<br>CGS/COAST<br>140 Chaparral Ct.<br>Anaheim CA 92808 | | | 12/84 | ∪ | 4,625.00 | |
| A/C# 7500 82631<br>DHHS<br>Parklawn BLDG RA16A09<br>Rockville MD 20857 | | | 7/94 | ∪ | 170,105.00 | |
| A/C# 554 927404<br>US Dept Justice HEAL<br>650 Capitol Mall<br>SAC, CA 95814 | | | 3/96 | ∪ | 200,000.00 | |
| A/C# 2346 5556033 528845<br>EDUSERVE<br>PO Box 99<br>Minneapolis MN 55440 | | | 10/84 | √ | 18,469.00 | |

_6_ Continuation sheets attached.

Subtotal ＞ $ 436,637
(Total of this page)

Total ＞ $
(use only on last page of the completed Schedule E)

*If contingent, enter C; if unliquidated, enter U; if disputed, enter D.　　　　(Report total also on Summary of Schedules)

© E•Z Legal Forms®

K100-14B

**MOTION FOR STAY EX 1, PAGE 15**

In re: _Timothy R. Tay_,                          Case No. _____
          Debtor(s)                                                  (if known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C U D * | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|
| A/C# 554927408 ISAC 1755 Lake Cood Rd Deerfield Ill, 600 15 | | | 2/94 | ✓ | 10,690.00 | |
| A/C# 5549274081/00000 Nebraska st. loan 1300 "O" St. Lincoln, NE 68508 | | | 5/92 | ✓ | 6978.00 | |
| A/C# 5549274041018 SLMA 365 Herndon Pky Herndon VA 22070 | | | 9/84 | ✓ | 14,405.00 | |
| A/C# 554927404 1028 SLMA 365 Herndon Pky Herndon VA 22070 | | | 1/85 | ✓ | 26,644.00 | |
| A/C# 5548274041038 SLMA 365 Herndon Pkwy Herndon VA 22070 | | | 8/85 | ✓ | 19,483.00 | |
| A/C# 5549274041048 SLMA 365 Herndon Pkwy Herndon VA 22070 | | | 4/92 | ✓ | 16,861.00 | |
| A/C# 5549274041028 SLMA 365 Herndon Pky Herndon VA 22070 | | | 4/92 | ✓ | 26,644.00 | |
| A/C# 554927404 1058 SLMA 365 Herndon Pkwy Herndon VA 22070 | | | 4/92 | ✓ | 7,093.00 | |
| A/C# 5549274041068 SLMA 365 Herndon Pkwy Herndon VA 22070 | | | 7/87 | ✓ | 25,244.00 | |
| A/C# 5549274041023 SLMA 365 Herndon Pkwy Herndon VA 22070 | | | 9/90 | ✓ | 7,500.00 | |
| A/C# 554927404 1078 SLMA 365 Herndon Pkwy Herndon VA 22070 | | | 2/92 | ✓ | 27,543 | |

___ Continuation sheets attached.

Subtotal ➤ $ 189 086
(Total of this page)

Total ➤ $
(use only on last page of the completed Schedule E)

*If contingent, enter C; if unliquidated, enter U; if disputed, enter D.

(Report total also on Summary of Schedules)

© E•Z Legal Forms®

K100-14B

**MOTION FOR STAY EX 1, PAGE 16**

In re: _____Timothy R TAT R_____     Case No. _____
                    Debtor(s)                              (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CO DEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C U D | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|
| A/C# 219930.5 0463386010 US Dept ED 401 S. STATE ST Chicago, IL, 60605 | | | 4/92 | U | 7,655.00 | |
| A/C# 219930506388387020 US Dept ED 401 s state St Chicago /il 60605 | | | 4/92 | U | 71,120.00 | |
| A/C# 2160305 0506883 88030 US Dept ED 401 S State St Chicago IL 60605 | | | 4/92 | U | 6,471.00 | |
| A/C# 219 8 3050 6 88 387040 US dept ED | | | | | | |
| A/C# 219 930.5 0466 389040 US DEPT ED 401 SS State St Chicago ILL 60605 | | | 4/92 | U | 2,063.00 | |
| A/C# 0 95045992 BUTTE Co. RecordAr 25 County Center Dr Oroville CA 95966 | | | 12/95 | U | 12,869.00 | |
| A/C# 9305 3913 Butte Co. Recorder 25 County Center D Oroville CA 95966 | | | 12/93 | U | 10,260.00 | |
| A/C# 4 101 1028 LA Co. Recorder PO Box 115 LA CA 90053 | | | 5/94 | U | 100 | |
| A/C# 410111034 LA Co. Recorder PO Box 115 LA CA 90053 | | | 5/94 | U | 100 | |
| A/C# 41822933 LA Co. Recorder PO Box 115 LA CA 90053 | | | 10/94 | U | 100 | |
| A/C# 94339269 LA. Co. Recorder PO Box 115 LA CA 90053 | | | 2/94 | U | 3000 | |

__6__  Continuation sheets attached.

Subtotal ➤ $ 49,504
(Total of this page)
Total ➤ $ _____
(use only on last page of the completed Schedule E)

*If contingent, enter C; if unliquidated, enter U; if disputed, enter D.

(Report total also on Summary of Schedules)

© E•Z LEGAL FORMS®

K100-14B

**MOTION FOR STAY EX 1, PAGE 17**

In re: _Timothy R. Tarron_ _____  Case No _____
              Debtor(s)                                                              (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C U D * | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|
| A/C# _90676 736_ Orange Co Recovery 630 N, Broadway Rm 101 Santa Ana CA 92701 | | | 11/90 | U | 100 | |
| A/C# _916 38719_ Orange Co Recorder 630 N. Broadway Rm 101 Santa Ava CA 92701 | | | 11/91 | U | 200 | |
| A/C# | | | | | | |
| A/C# | | | | | | |
| A/C# | | | | | | |
| A/C# | | | | | | |
| A/C# | | | | | | |
| A/C# | | | | | | |
| A/C# | | | | | | |
| A/C# | | | | | | |
| A/C# | | | | | | |

_6_ Continuation sheets attached.

Subtotal ➤  $   360

(Total of this page)

Total ➤  $ 1,651,423⁰⁰

(use only on last page of the completed Schedule E)

*If contingent, enter C; if unliquidated, enter U; if disputed, enter D.

(Report total also on Summary of Schedules)

© E·Z Legal Forms®

K100-14B

In re _Timothy R. Taylor_____, Case No. _____ _____
                Debtor                              (If Known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address including zip code, and account number, if any, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H–Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 554 92740R<br>I. R. S.<br>Ogden Utah<br>84201 | | | 1990-1998 | | ✓ | | 140,000 |
| ACCOUNT NO. 554 927404<br>CA Tax Board<br>PO Box 942867<br>Sac, CA 94267-0011 | | | 1990-1998 | | ✓ | | 13,000 |
| ACCOUNT NO. 554 927404<br>US Dept Justice<br>650 Capitol Mall<br>Sac, CA 95814 | | | 1996 | | ✓ | | 200,000 |
| ACCOUNT NO. 554 927404<br>US. Dept ED<br>PO Box 4169<br>Greenville TX 75403 | | | 1997-8 | | ✓ | | 80,000 |

_____6_____ Continuation sheets attached

Subtotal > $ 433,000
(Total of this page)

Total > $ 868,430.69
(Use only on last page of the completed Schedule F)

(Report total also on Summary of Schedules)

In re _Timothy R Taylor_____, Case No. _____
                        Debtor                                              (If Known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 554 927404 <br> Pat Thistle Attorney <br> 523 W. 6th St <br> LA, CA 90014 | | | 1997-8 | | ✓ | | 140,000 |
| ACCOUNT NO. 5554927404 <br> US Dept ED <br> PO Box 4169 <br> Greenville TX 75403 | | | 5/90 <br> 9/92 | | ✓ | | 2987.14 <br> 12 638.38 |
| ACCOUNT NO. 554927404 580067798 7228 <br> NCO <br> PO Box 970262 <br> TULSA OK 74147 | | | 7/91 | | ✓ | | 38,939.00 |
| ACCOUNT NO. 554927404 <br> ED FUND <br> PO Box 419041 <br> Rancho Cordova CA 95741-9041 | | | 7/91 | | | | 43,707.44 |
| ACCOUNT NO. 554927404 831474 <br> ILL St Ass. Commi. <br> PO Box 236 <br> Deerfield IL 60015-5209 | | | 7/91 | | ✓ | | 10,288.22 |
| ACCOUNT NO. 1330708098 <br> NCO <br> PO Box 7602 <br> Ft Washington PA 19034 | | | 9/98 | | ✓ | | 1500.00 |

Sheet no. _1_ of _6_ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ $ 250,060.18
(Total of this page)

Total ➤ $
(Use only on last page of the completed Schedule F)
(Report total also on Summary of Schedules)

© E•Z Legal Forms®

K100-15B

**MOTION FOR STAY EX 1, PAGE 20**

In re _Timothy R. Thier_   Case No. _____
       Debtor                                    (If Known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 55492740<br>ED FUND<br>PO Box 419033<br>Rancho Cordova CA 95741-9033 | | | 9/94 | | ✓ | | 30,000 ⊙ |
| ACCOUNT NO. 599532.0<br>Commercial Financial<br>PO Box 701560<br>Tulsa Ok 74170-1560 | | | 1998 | | ✓ | | 11,028.11 |
| ACCOUNT NO. 412174 1401967117<br>Capitol One<br>PO Box 85147<br>Richmond VA 23285-5147 | | | 1998 | | ✓ | | 531.22 |
| ACCOUNT NO. 5291071330708098<br>Capitol One<br>PO Box 85147<br>Richmond VA 23285-514) | | | 1998 | | ✓ | | 771.18 |
| ACCOUNT NO. 4326072100438320<br>Providian<br>PO Box 9541<br>Manchester NH 03108-954 | | | 1998 | | ✓ | | 1368.00 |
| ACCOUNT NO. 2101111<br>Prof Rec. Svc.<br>3005 Almaden Expressway<br>San Jose CA 95118 | | | 1998 | | ✓ | | 1196.29 |

Sheet no. __2__ of __6__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ (Total of this page) $ 44,899.80

Total ➤ $
(Use only on last page of the completed Schedule F)
(Report total also on Summary of Schedules)

In re ___Timothy P. Verdon_____,   Case No. _____
                    Debtor                                    (If Known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 1369909 <br> Western Exchange <br> 1680 N. Vine St. #300 <br> LA, CA 90028 | | | 1994 | | / | | 151 |
| ACCOUNT NO. 225398 <br> AWA <br> PO Box 6605 <br> Orange CA 92613 | | | 1994 | | / | | 87 |
| ACCOUNT NO. 1589879 and 1896+9427 <br> Bay Area Credit Svc <br> 2185 The Alameda <br> San Jose CA 95126 | | | 5/95 | | / | | 160 <br> 115 |
| ACCOUNT NO. 92122-0837 <br> CB <br> PO Box 980 <br> Santa Monica CA 94506 | | | 10/92 | | / | | 81 |
| ACCOUNT NO. 4328072100938320 <br> NCO <br> PO Box 7602 <br> Ft Washington PA 19034 | | | 7/98 | | / | | 705.76 |
| ACCOUNT NO. 7101673 <br> Am. Cap. Ent. <br> 52145 Lindre Ln #212 <br> Temecula CA 92591 | | | 1992 | | / | | 1,205— |

Sheet no. __3__ of __6__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ (Total of this page) $ 2504.76

Total ➤ $ .
(Use only on last page of the completed Schedule F)
(Report total also on Summary of Schedules)

© E·Z Legal Forms®

K100-15B

**MOTION FOR STAY EX 1, PAGE 22**

In re ___Timothy R. Brier___,  Case No. _____
        Debtor                           (If Known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 529-107-13307-08098 CAP one PO Box 26030 Richmond VA 23260 | | | 2/95 | | / | | 772.00 |
| ACCOUNT NO. 30 511 9232945928 Fidelity 3914 Atlantic Ave Long Beach CA 90807 | | | 5/92 | | / | | 13,708.00 |
| ACCOUNT NO. 532900 1995232999 MBNA 400 Christiana Rd. Newark DE 19713 | | | 11/84 | | / | | 9,018.00 |
| ACCOUNT NO. 332 0306804600 7387 NationsBank PO Box 243t Norfolk VA 23501 | | | 2/87 | | / | | 14,025.00 |
| ACCOUNT NO. 16 78 9 0959 Nations Credit 1160 Swedesford Berwyn PA 19312 | | | 6/88 | | / | | 25,200.00 |
| ACCOUNT NO. 17 136 7816 Nations Credit 1000 Holcomb Woods Pkwy Roswell, GA 30076 | | | 1/90 | | / | | 37,078.00 |

Sheet no. __4__ of __6__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page) $ 99,851
Total (Use only on last page of the completed Schedule F) $
(Report total also on Summary of Schedules)

© E•Z Legal Forms®

K100-15B

In re ___Timothy M. Upton___,   Case No. _____
                Debtor                                    (If Known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 32 4137<br><br>Orange Credit<br>109 S Main.<br>Lake Elsinore CA 92530 | | | 10/92 | | ✓ | | 1,400 ⓔ |
| ACCOUNT NO. 554 6410023602<br><br>SO Edison<br>2131 Walnut Grove<br>Rosemead CA 91770 | | | 10/92 | | ✓ | | 181,00 |
| ACCOUNT NO. 171511 101 594 0000<br><br>Statewide<br>PO Box 240<br>Chico CA 95927 | | | 1/95 | | ✓ | | 1,902.00 ⓓ |
| ACCOUNT NO. 401 586 40<br><br>The Bureaus<br>1717 Central St<br>Evanston ILL 60204 | | | 11/93 | | ✓ | | 16,262.00 ⓓ |
| ACCOUNT NO. 9168959331 830 D572905<br><br>Pac Bell<br>PO Box 7946<br>San Francisco CA 94120 | | | —1997 | | ✓ | | 2000 ⓓ |
| ACCOUNT NO. 912991527 2<br><br>Woodward + Lothrop<br>2800 Eisenhower<br>Alexandria VA 22314 | | | 1988 | | ✓ | | 3000 ⓓ |

Sheet no. __5__ of __6__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ (Total of this page)  $ 24,745

Total ➤  $
(Use only on last page of the completed Schedule F)
(Report total also on Summary of Schedules)

K100-15B

**MOTION FOR STAY EX 1, PAGE 24**

In re _____ Timothy P. Thron _____ ,   Case No. _____   _____
                     Debtor                                                   (If Known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 554927404<br>Diversified<br>PO Box 5700<br>555 McCormick ST<br>San Leandro CA<br>94577-0757 | | | 92 | | ) | | 12,178.66 |
| ACCOUNT NO. 1591913<br>Fin. Credit<br>PO Box 3084<br>Visalia, CA 93278 | | | 94 | | ↙ | | 1196.29 |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

Sheet no. __6__ of __6__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ (Total of this page)    $ 13,374.95

Total ➤ $ 868,430.69
(Use only on last page of the completed Schedule F)
(Report total also on Summary of Schedules)

© E•Z Legal Forms®

K100-15B

MOTION FOR STAY EX 1, PAGE 25

In re  Timothy R. Taylor _____ ,   Case No. _____
       Debtor                                   (If Known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any time-share interests.

State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease.

Provide the names and complete mailing addresses of all other parties to each lease or contract described.

NOTE: A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of creditors.

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NON-RESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| Riverside and Briarwood Conv. Hosp. 1090 Rio Lane Sacramento, CA 95822 | Service Retainer |
| Beverly Manor Conv. Hosp. 188 Cohasset Lane Chico, CA 95928 | Service Retainer |
| Roseville Conv. Hosp. and Sierra Hills 1161 Cirby Way Roseville, CA  95661 | Service Retainer |
| Sierra Conv. Hosp. 310 O akridge Roseville, CA 95661 | Service Retainer |
| Valley Oaks Conv. Hosp. 246 Spruce St. Gridley, cA 95948 | Service Retainer |

In re <u>Timothy R. Taylor</u>                    ,        Case No. _____
                    Debtor                                              (If Known)

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule. Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

☒ Check this box if there are no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|------------------------------|------------------------------|
|                              |                              |

© E•Z Legal Forms®

K100-17
**MOTION FOR STAY EX 1, PAGE 27**

In re Timothy Robert Taylor,                          Case No. _____  _____
                    Debtor                                                                    (If Known)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Debtor's Marital Status: Divorced | DEPENDENTS OF DEBTOR AND SPOUSE | | | |
|---|---|---|---|---|
| | NAMES | None | AGE | RELATIONSHIP |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | Psychotherapist | |
| Name of Employer | Self | |
| How long employed | 7 years | |
| Address of Employer | P.O. Box 1272 Chico, CA 95927 | |

| Income: (Estimate of average monthly income) | DEBTOR | SPOUSE |
|---|---|---|
| Current monthly gross wages, salary, and commissions (prorate if not paid monthly) | $ 2290.00 | $ _____ |
| Estimated monthly overtime | $ — | $ _____ |
| SUBTOTAL—adjusted gross from 1997 1040 | $ 2290.00 | $ _____ |
| LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ — | $ _____ |
| b. Insurance | $ — | $ _____ |
| c. Union dues | $ — | $ _____ |
| d. Other (Specify) See attached 1997 1040 EXHIBIT D | $ _____ | $ _____ |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ — | $ _____ |
| TOTAL NET MONTHLY TAKE HOME PAY— adj. gross | $ 2290.00 | $ _____ |
| Regular income from operation of business or profession or farm (attach detailed statement) | $ — | $ _____ |
| Income from real property | $ — | $ _____ |
| Interest and dividends | $ — | $ _____ |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ — | $ _____ |
| Social security or other government assistance (Specify) _____ | $ — | $ _____ |
| Pension or retirement income | $ — | $ _____ |
| Other monthly income (Specify) _____ | $ — | $ _____ |
| TOTAL MONTHLY INCOME — adjusted gross SEE EXHIBIT D _ 1997 Tax Forms | $ 2290.00 | $ _____ |

TOTAL COMBINED MONTHLY INCOME    $ 2290.00    (Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document.  — See Declaration of Hardship — EXHIBIT A

© E•Z LEGAL FORMS®

K100-18
**MOTION FOR STAY EX 1, PAGE 28**

In re Timothy Robert Tayl              , Case No. _____
_____
        Debtor                              (If known)

### SCHEDULE J- CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---|
| Rent or home mortgage payment (include lot rented for mobile home) | $ | 450.00 rent |
| Are real estate taxes included?     Yes ‾‾     No _____ | | |
| Is property insurance included?     Yes ‾‾     No _____ | | |
| Utilities  Electricity and heating fuel | $ | 75.00 |
|     Water and sewer | $ | – |
|     Telephone | $ | 500.00 |
|     Other _____ See Tax 1040   EXHIBIT D | $ | (EXH. D) |
| Home maintenance (repairs and upkeep) | $ | 50.00 |
| Food | $ | 300.00 |
| Clothing | $ | 75.00 |
| Laundry and dry cleaning | $ | 60.00 |
| Medical and dental expenses | $ | 15.00 |
| Transportation (not including car payment) | $ | 100.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 10.00 |
| Charitable contributions | $ | 100.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | | |
|     Homeowner's or renter's | $ | – |
|     Life | $ | – |
|     Health | $ | – |
|     Auto | $ | 50.00 |
|     Other _____ Malpractice | $ | 200.00 |
| Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) 200 monthly to IRS and CA back taxes '91- '95 | $ | 400.00 |
| Installment payments: (in Chapter 12 and 13 cases, do not list payments to be included in the plan) | | |
|     Auto | $ | – |
|     Other  HEAL Student Loan | $ | 500.00 |
|     Other  Quarterly taxes | $ | 800.00 |
| Alimony, maintenance, and support paid to others | $ | – |
| Payments for support of additional dependents not living at your home | $ | – |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | See 1040 |
| Other _____ | | " |
| TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules)   ✳ | $ | 3575.00 + |

**[FOR CHAPTER 12 AND 13 DEBTORS ONLY]**     ✳ SEE EXH. D
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

| | | |
|---|---|---|
| A. Total projected monthly income | $ | |
| B. Total projected monthly expenses | $ | |
| C. Excess income (A minus B) | $ | |
| D. Total amount to be paid into plan each _____ | $ | |
| | (interval) | |

© E•Z LEGAL FORMS®

K100-19

In re  Timothy Robert Taylor
_____
Debtor

Case No. _____
(If known)

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___26___ sheets and that they are true and correct to the best of my knowledge, information, and belief.
(Total shown on summary page plus 1)

Date ___11/23/98___

Signature: _____  IN PRO PER
                              Debtor

Date _____

Signature: _____
                     (Joint Debtor, if any)
        (If joint case, both spouses must sign.)

## CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I have prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed or Typed Name of Bankruptcy Petition Preparer

_____
Social Security Number

_____

_____
Address

Names and Social Security Numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

X_____

_____
Date

Signature of Bankruptcy Petition Preparer

*A bankruptcy petition preparer's failure to comply with the provisions of Title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____ [president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets (total shown on summary page plus 1), and that they are true and correct to the best of my knowledge, information, and belief.

Date _____

Signature: _____

_____
[Print or type name of individual signing on behalf of debtor.]

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. § 152 and 3571.*

© E•Z LEGAL FORMS®

K100-20

**MOTION FOR STAY EX 1, PAGE 30**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF_____

In re: <u>Timothy Robert Taylor</u>,
     Debtor

Case No. _____
       (If known)

## STATEMENT OF FINANCIAL AFFAIRS

  This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under Chapter 12 or Chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

  Questions 1-15 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 16-21. **Each question must be answered. If the answer to any question is "None," or the question is not applicable, mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

  *In business* - A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the two years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or person in control of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

  *Insider* - The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any person in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C.§ 101(30).

---

1. **Income from employment or operation of business**

None  State the gross amount of income the debtor has received from employment, trade, or profession,
☐  or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under Chapter 12 or Chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Amount        Source (if more than one)

 1/98 - Present: 32,150.00 (Before Adjustments)

- 1/1997-the Gross (before adjustment) WAS 70,398 (20,392 taxable)
- 1/1996-m Gross  "     "    57,785 (19,131 taxable)

© E•Z LEGAL FORMS®

**2. Income other than from employment or operation of business**

None
[X]

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under Chapter 12 or Chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Amount                                                                    Source

**3. Payments to creditors**

None
[ ]

**a.** List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within **90 days** immediately preceding the commencement of this case. (Married debtors filing under Chapter 12 or Chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Names and addresses of creditors | Dates of payments | Amount paid | Amount still owing |
|---|---|---|---|
| US Attorney 650 Capitol Mall Sacramento, CA 95814 | 8/98 | 500.00 | |

None
[ ]

**b.** List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under Chapter 12 or Chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and address of creditor and relationship of debtor | Date of payment | Amount paid | Amount still owing |
|---|---|---|---|
| US Attorney, Sac, CA | 2/98, 4/98 | 500.00 | |

**4. Suits, executions, garnishments and attachments**

None
[ ]

**a.** List all suits to which the debtor is or was a party within **one year** immediately preceding the filing of this case. (Married debtors filing under Chapter 12 or Chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Caption of suit and case number | Nature of proceeding | Court and location | Status or disposition |
|---|---|---|---|

Taylor vs Regents, Case # 779553 Civil; Orange County Sup Dept. #6; Judge Wooley.  Status dismissed.  Civil Suit to compel UC Irvine to verify educational transcripts to employers. Denied.  Judge ruling Plaintiff Taylor must "start over" with residency education to proceed.  See declaration of Hardship. EXH A

© E•Z Legal Forms®

None
[X]

**b.**   Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under Chapter 12 or Chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and address of person for whose benefit property was seized | Date of seizure | Description and value of property |
|---|---|---|

None
[X]   5.   **Repossessions, foreclosures and returns**

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller within **one year** immediately preceding the commencement of this case. (Married debtors filing under Chapter 12 or Chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and address of creditor or seller | Date of repossession, foreclosure sale, transfer or return | Description and value of property |
|---|---|---|

None
[X]   6.   **Assignments and receiverships**

**a.**   Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under Chapter 12 or Chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and address of assignee | Date of assignment | Terms of assignment or settlement |
|---|---|---|

None
[X]

**b.**   List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under Chapter 12 or Chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and address of custodian | Name and location of court | Case title and number | Date of order | Description and value of property |
|---|---|---|---|---|

**MOTION FOR STAY EX 1, PAGE 33**

**7.  Gifts**

None

☐

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member, and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under Chapter 12 or Chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and address of person or organization | Relationship to debtor, if any | Date of gift | Description and value of gift |
|---|---|---|---|
| George Washington University | | 1/98 – 9/98 | 900.00 |

**8.  Losses**

None

 ☒

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under Chapter 12 or Chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Description and value of property | Description of circumstances and, if loss was covered in whole or in part by insurance, give particulars | Date of loss |
|---|---|---|

**9.  Payments related to debt counseling or bankruptcy**

None

☒

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| Name and address of payee | Date of payment | Name of payor if other than debtor | Amount of money or description and value of property |
|---|---|---|---|

10. **Other transfers**

None a.   List all other property, other than property transferred in the ordinary course of the business or
☒    financial affairs of the debtor, transferred either absolutely or as security within **one year** immediately
preceding the commencement of this case. (Married debtors filing under Chapter 12 or Chapter 13
must include transfers by either or both spouses whether or not a joint petition is filed, unless the
spouses are separated and a joint petition is not filed.)

| Name and address of transferee | Relationship to debtor | Transfer date | Property transferred and value received |
|---|---|---|---|
| | | | |

11. **Closed financial accounts**

None    List all financial accounts and instruments held in the name of the debtor or for the benefit of
the debtor that were closed, sold, or otherwise transferred within **one year** immediately preceding
the commencement of this case. Include checking, savings, or other financial accounts, certificates
of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension
funds, cooperatives, associations, brokerage houses and other financial institutions. (Married
debtors filing under Chapter 12 or Chapter 13 must include information concerning accounts or
instruments held by or for either or both spouses whether or not a joint petition is filed, unless the
spouses are separated and a joint petition is not filed.)

| Name and address of institution | Type and number of account and final balance | Amount and rate of sale or closing |
|---|---|---|
| US Bank<br>250 East 2nd St.<br>Chico, CA 95928 | Checking<br>Acct # 8120026201 | 0.00 |

12. **Safe deposit boxes**

None    List each safe deposit or other box or depository in which the debtor has or had securities, cash,
or other valuables within **one year** immediately preceding the commencement of this case. (Married
debtors filing under Chapter 12 or Chapter 13 must include boxes or depositories of either or both
spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition
is not filed.)

| Name and address of bank or other depository | Name and addresses of those with access to box or depository | Description of contents | Date of transfer or surrender, if any |
|---|---|---|---|
| | | | |



**13. Setoffs**

None
[X]
List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under Chapter 12 or Chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and address of creditor | Date of setoff | Amount of setoff |
| --- | --- | --- |

**14. Property held for another person**

None
[X]
List all property owned by another person that the debtor holds or controls.

| Name and address of owner | Description and value of property | Location of property |
| --- | --- | --- |

**15. Prior address of debtor**

None
[ ]
If the debtor has moved within the **two years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| Address | Name used | Dates of occupancy |
| --- | --- | --- |
| 6457 Coyote Hills Road Chino Hills, CA 91709 | Timothy R. Taylor | 10/96-6/97 |

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the **two years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within the **two years** immediately preceding the commencement of this case.)*

### 16.   Nature, location and name of business

None   **a.**   If the debtor is an individual, list the names and addresses of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the **two years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **two years** immediately preceding the commencement of this case.

**b.**   If the debtor is a partnership, list the names and addresses of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities within the **two years** immediately preceding the commencement of this case.

**c.**   If the debtor is a corporation, list the names and addresses of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities within the **two years** immediately preceding the commencement of this case.

| Name | Address | Nature of business | Beginning and ending Dates of operation |
|---|---|---|---|
| T.R. Taylor | PO Box 1272 Chico, CA 95927 | Consultation and Therapy | 7/91 - present |

### 17.   Books, records and financial statements

None   **a.**   List all bookkeepers and accountants who within the **six years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| Name | Address | Dates services rendered |
|---|---|---|

None   **b.**   List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| Name | Address | Dates services rendered |
|---|---|---|
| Stephen Martini, CPA | 16830 Ventura Blvd Ste 415 Encino, CA 91436-1707 | Tax Prep; 1998, 1997 |

None

[X]  c.  List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, please explain.

Name                                         Address

None

[X]  d.  List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the **two years** immediately preceding the commencement of this case by the debtor.

Name                              Address                              Date issued

**18. Inventories**

None

[X]  a.  List the dates of the **last two** inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

Date of inventory              Inventory supervisor              Dollar amount of inventory
                                                                 (Specify cost, market or other basis)

None

[X]  b.  List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

Date of inventory                              Name and addresses of custodian
                                               of inventory records

**19. Current partners, officers, directors and shareholders**

None

[X]  a.  If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

Name and address              Nature of interest              Percentage of interest

© E•Z Legal Forms®                                              K100-21H

**MOTION FOR STAY EX 1, PAGE 38**

None b.   If the debtor is a corporation, list all officers and directors of the corporation, and each
[X]   stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting
securities of the corporation.

| Name and address | Title | Nature and percentage of stock ownership |
|---|---|---|
| N/A | | |


**20.   Former partners, officers, directors and shareholders**

None a.   If the debtor is a partnership, list each member who withdrew from the partnership within **one
[X]   year** immediately preceding the commencement of this case.

| Name | Address | Date of withdrawal |
|---|---|---|
| N/A | | |


None b.   If the debtor is a corporation, list all officers or directors whose relationship with the corporation
[x]   terminated within **one year** immediately preceding the commencement of this case.

| Name and address | Title | Date of termination |
|---|---|---|
| N/A | | |


**21.   Withdrawals from a partnership or distributions by a corporation**

None   If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given
[X]   to an insider, including compensation in any form, bonuses, loans, stock redemptions, options
exercised and any other perquisite during **one year** immediately preceding the commencement of
this case.

| Name and address of recipient | Relationship to debtor | Date and purpose of withdrawal | Amount of money or description and value of property |
|---|---|---|---|
| N/A | | | |

# UNITED STATES BANKRUPTCY COURT
### Eastern   DISTRICT OF   Sacramento

In re Timothy Robert Taylor

Case No. _____

Debtor   Chapter _____7_____

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

1. I have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.

2. I intend to do the following with respect to the property of the estate which secures those consumer debts:

   a. *Property to Be Surrendered.*

   | Description of Property | Creditor's Name |
   |---|---|
   | 1. | |
   | 2. | |
   | 3. | |

   b. *Property to Be Retained.  [Check any applicable statement.]*

   | Description of Property | Creditor's Name | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. § 722 | Debt will be reaffirmed pursuant to 11 U.S.C. § 524(c) |
   |---|---|---|---|---|
   | All personal property and licenses | | n/a | Yes | |

Date: 11/23/98

_Signature of Debtor_   IN PRO PER

## CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I have prepared this document for compensation, and that I have provided the debtor with a copy of this document.

Printed or Typed Name of Bankruptcy Petition Preparer

Social Security Number

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

Address

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

X_____

Signature of Bankruptcy Petition Preparer

Date

*A bankruptcy petition preparer's failure to comply with the provisions of Title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

© E•Z LEGAL FORMS®

K100-22

MBNA
400 Chistiana Rd.
Newark, DE 19713

Nations Bank
P.O. Box 2434
Norfolk, VA 23501

Nations Credit
1160 Swedesford Rd.
Berwyn, PA 19312

Nations Credit Commercial
1000 Holcomb Woods Parkway
Roswel, GA 30076

NCO Financial
P.O. Box 470262
Tulsa, OK 74147

Nebraska Student Loan
1300 "O" St.
Lincoln, NE 68508

Orange Credit Service
109 S. Main
Lake Elsinore, CA 92530

Orange County Recorder
630 N. Broadway Rm 101
Santa Ana, CA 92701

Pacific Bell
P.O. Box 7946
San Francisco, CA 94120

Professional Recovery Systems
3005 Almaden Expressway
San Jose, CA 95118

Providian Financial
P.O. Box 9541
Manchester, NH 03108-9541

Sataewide Collection Bureau
P.O. Box 240
Chico, CA 95927

SC Edison, Inc,
2131 Walnut Grove
Rosemead, CA 91770

State of California Franchise Tax
Board
P.O. Box 942867
Sacramento, CA 94267-0011

Butte County Recorder
25 County Center Dr.
Oroville, CA 95966

Student Loan Marketing
Association
777 Twin Creek Drive
Killeen, TX 76543

Student Loan Marketing
Association
365 Herndon Pkwy
Herndon, VA 22070

The Bureaus, Inc
1717 Central St.
Evanston, IL 60204

US Dept of Education
P.O. Box 4169
Greenville, TX 75403-4169

US Attorney
HEAL Loans
650 Capitol Mall
Sacramento, CA 95814

US Dept. of Education
401 S. State St.
Chicago, IL 60605

Western Exchange Inc.
1680 N. Vine St. #300
Los Angeles, CA 90028

Woodward and Lothrop
2800 Eisenhower Ave.
Alexandria, VA 22314

NCO
P.O. Box 7602
Ft. Washington, PA 19034

American Capital Ent.
52145 Lundie Ln. #212
Temecula, CA 92591

American Capitol Ent.
42145 Lyndie Ln. #212
Temecula, CA 92591

AWA  Collections
P.O. Box 6605
Orange, CA 92613

Bay Area Credit Service
2185 The Alameda
San Jose CA 95126

CA Student Aid Commission
P.O. Box 510623
Sacramento, CA 94245

CA Franchise Tax Board
PO Box 942867
Sacramento, CA 94267-0011

Capitol One
P.O. Box 85147
Richmond, VA 23285-5147

Capitol One
P.O. Box 26030
Richmond, VA 23260

Claremont Graduate School
747 N. Dartmouth Ave.
Claremont, CA 91711-3978

Coast Professional Services
140 Chaparral Ct.
Anaheim, CA 92808

Commercial Financial Services
P.O. Box 701560
Tulsa, OK 74170-1560

Credit Bureau Santa Monica Bay
P.O. Box 980
Santa Monica, CA 94506

CRW Financial
P.O. Box 470262
Tulsa, OK 74147

DHHS
Parklawn Bldg Rm16A09
Rockville, MD 20857

Diversified Collection Services
P.O. Box 5700
555 McCormick St.
San Leandro, CA 94577-0757

Financial Credit Network
P.O. Box 3084
Visalia, CA 93278

EDFUND
P.O. Box 419041
Rancho Cordova, CA 95741-9041

Educational Funding Services
P.O. Box 8020
Newport Beach, CA 92658-8020

Eduserve
P.O. Box 99
Minneapolis, MN 55440

Fidelity Financial
3914 Atlantic Ave.
Long Beach, CA 90807

Higher Education Assistance
Foundation
85 East Seventh Place
St. Paul Minnesota  55101-2173

Sallie Mae HEAL Loans
P.O. Box 1660
Merrifield, VA 22116

Illinois Student Assistance
Commission
P.O. Box 235
Deerfield, IL 60015-5209

Patrick J. Thistle, Attorney
523 W Sixth St. Ste 1228
Los Angeles, CA 90014

Internal Revenue Service
Ogden, Utah 84201

ISAC
1755 Lake Cood Road
Deerfield, IL 60015

Knight Tuition Payment Plans
855 Boylston St.
Boston, M 02116

Los Angeles County Recorder
P.O. Box 115
Los Angeles, CA 90053

Marine Midland Bank
P.O. Box 25067
Santa Ana, CA 92799-5067

# INSTRUCTIONS FOR COMPLETING MASTER MAILING LIST



1. Use black ink only.

2. Check with your local bankruptcy court clerk for any local rules required in filling out this form.

3. Place white sheet of paper in front of the matrix and type required names within bordered area.

4. Use separate master mailing lists for husband and wife if they **do not** list the same creditors on the schedules.

5. The debtor(s) and the attorney must sign the declaration below if required by any local bankruptcy rule.

## DECLARATION

I, ___Timothy Robert Taylor_____, do hereby certify, under penalty of perjury, that the master mailing list, consisting of ____2____sheets, is complete, correct and consistent with the debtor's schedules pursuant to Local Bankruptcy Rule _____.

Timothy Robert Taylor

_Timothy Robert Taylor_____
Debtor

_____
Spouse

_____
Attorney (If Applicable)

**NOTE:** If the entity filing has 200 or more creditors or equity holders, they should check with the Clerk of the Bankruptcy Court for any special handling requirements.

**NOTE:** It is recommended that you check with the Clerk of the Bankruptcy Court regarding his or her preference as to how they wish you to do the mailing list. Some require single rows of addresses, while others will accept the three across format.

LIST OF EXHIBITS

| EXH. | DESCRIPTION | DATE |
|------|-------------|------|
| A | Declaration of Hardship | 11/23/98 |
| B | Judgement | 7/14/98 |
| C | Judgement Transcript | 6/11/98 |
| D | 1997 Tax Returns | 10/15/89 |

- 6 -

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF CALIFORNIA

```
98-38409-A-7
DEBTOR: TIMOTHY TAYLOR
DEBTOR IS PRO SE
JUDGE: HON. D. RUSSELL
TRUSTEE: M. BOWMAN
341 MEETING (Tentative Setting):
    01/06/99.  3:00PM - fst
Official meeting notice to be mailed
CHAPTER: 7   COUNTY: BUTTE
---------------------------------
ORIGINAL FILED 11/30/98 - 12:41PM
RELIEF ORDERED
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION
DEPUTY: JPis
RECEIPT NO:  _ _            $ 0
---------------------------------
```

In re   TIMOTHY ROBERT TAYLOR        )        Case No.
                                     )
                                     )
                        Debtor(s)    )
                                     )
_____

## VERIFICATION OF MASTER ADDRESS LIST
### ON PAPER (CREDITOR MATRIX)

I (we) declare under penalty of perjury that I (we) have read the attached Master Address List (creditor matrix), consisting of _26_ pages, and that it is true and correct to the best of my (our) knowledge, information, and belief.

DATED:   11/30/98          _____
                           Debtor's Signature

                           _____
                           Joint Debtor's Signature

EDC 2-099 (Rev. 12/97)



**MOTION FOR STAY EX 1, PAGE 45**

Nations Bank
P.O. Box 2434
Norfolk, VA 23501

NCO Financial
P.O. Box 470262
Tulsa, OK 74147

Orange County Recorder
630 N. Broadway Rm 101
Santa Ana, CA 92701

Providian Financial
P.O. Box 9541
Manchester, NH 03108-9541

State of California Franchise Tax
Board
P.O. Box 942867
Sacramento, CA 94267-0011

Student Loan Marketing
Association
365 Herndon Pkwy
Herndon, VA 22070

US Attorney
HEAL Loans
650 Capitol Mall
Sacramento, CA 95814

Woodward and Lothrop
2800 Eisenhower Ave.
Alexandria, VA 22314

Knight Tuition Payment Plans
855 Boylston St.
Boston, M 02116

Nations Credit
1160 Swedesford Rd.
Berwyn, PA 19312


Nebraska Student Loan
1300 "O" St.
Lincoln, NE 68508


Pacific Bell
P.O. Box 7946
San Francisco, CA 94120


Sataewide Collection Bureau
P.O. Box 240
Chico, CA 95927


Butte County Recorder
25 County Center Dr.
Oroville, CA 95966


The Bureaus, Inc
1717 Central St.
Evanston, IL 60204


US Dept. of Education
401 S. State St.
Chicago, IL 60605